The note for six thousand dollars being unpaid, suit was instituted, judgment recovered for the amount, and execution pressed against the sureties. They, through their attorney, applied to the attorney of the plaintiffs for indulgence to enable them to realize the value of *Page 49 
Rogerson's property conveyed for their indemnity; but this was refused unless they consented to make a new note for the amount of both the debts due the plaintiffs by Rogerson. The attorney of Knox and McMorine asked if this incorporation of the debt to which they were not sureties, with that for which they were bound, would not render the new note usurious, and was answered that it would not, as Rogerson would sign the renewal note as the principal debtor. After some difficulties, made by the defendants, this arrangement was completed. But Rogerson having in the meantime absconded, the new note was signed by Knox and McMorine as the principal debtors. An action was subsequently commenced on this note, which was defeated upon the plea of usury.
The plaintiffs by this bill sought, first, to have the debt established against Knox and McMorine, alleging that the usury was consented to by them with the intention of subsequently avoiding the security, and was therefore a fraud upon them. Second, they insisted that the property of Rogerson having been conveyed to Knox and (51) McMorine, to secure the debt of six thousand dollars, they had a right in equity to follow it and procure from it satisfaction of that debt. It was stated in the bill, and admitted by the defendants, that Rogerson died in a distant State, insolvent, intestate, and that no one had sued out administration upon his effects. The attorney of Knox and McMorine was made a defendant.
We see no ground on which this bill can be supported. The plaintiffs allege that the defendants, Knox and McMorine, became indebted to them by reason of their having executed a note for six thousand dollars with one Asa Rogerson, and as his sureties; that to enable the said defendants to renew this note and discharge also a demand which the plaintiffs had against Rogerson alone, the plaintiffs discounted a new note of Knox and McMorine for an amount sufficient to cover both claims, and thereupon surrendered the note for six thousand dollars; that the plaintiffs afterwards brought an action upon the new note, but were defeated of a recovery upon the plea of usury. They further charge that this usury consisted in their requiring of Knox and McMorine, as a condition of indulgence upon the debt for which they were responsible, to make themselves liable also for that on which they were not responsible; that the plaintiffs, at the time of proposing and making this arrangement, believed that it would not be liable to the imputation of usury, and that they were entrapped into *Page 50 
this arrangement by a disingenuous artifice of the attorney of Knox and McMorine, whom they have also made a defendant, and who, as the plaintiffs say, discovering their opinion and believing it erroneous for the purpose of confirming them in error, declared that his clients would and ought to assent to it. The bill also charges that Rogerson had, before this arrangement, by a deed of trust made between himself and the said defendants Knox and McMorine, conveyed a large amount of real and personal estate in trust, to be sold, and to apply the (52) proceeds to the securing of Knox and McMorine against their responsibility on the note of six thousand dollars and on two other notes on which they were his sureties. The bill states that Rogerson is dead, and has died insolvent, and insisting that the debt of six thousand dollars still remains due, for that the note was surrendered on the supposition that the new note was valid; prays for an account of the trust funds, which ought to be applied to the satisfaction of this debt, and secondly, a personal decree for the money truly due thereon against Knox and McMorine, because of the alleged fraud in drawing them into an usurious contract and then setting up the objection of usury.
The original liability of Knox and McMorine, which this bill seeks to enforce against them, is founded solely on their having executed a note as the sureties of Rogerson, and to us it seems clear, upon the showing of the plaintiffs, that this liability has been extinguished. The plaintiffs discounted their note for the purpose of enabling them to pay off this demand and one other, on which Rogerson alone was indebted. The money raised by this discount was the money of Knox and McMorine, and as such was applied in payment of the note then held by the bank and on which they were debtors. That note was then extinguished at law, and if so, it cannot be set up in equity. The lender has no claims upon a court of Equity to relieve him from the legal consequences of usury. A contract tainted with usury is denounced by statute as corrupt and utterly void, and every court must treat it as holding the character which the Legislature has stamped upon it. An usurious contract is also regarded by the settled law of every court as an oppression, practiced or attempted by the lender upon the borrower. A court of Equity cannot, therefore, be invoked to aid such a contract, in whole or in part, or to redress the oppressor, because the meditated injury has, by the artifice of the intended victim, been made to recoil upon himself. Oppression cannot demand help, even against fraud. The Court is not at liberty to array its imagined wisdom against the legislative will, or to defeat public policy, (53) by a recourse to the code of honor or morality. *Page 51 
But it is insisted that if the bill cannot be sustained so far as it asks a personal decree against Knox and McMorine, it may be upheld in its demand of an account of the funds of Rogerson assigned for their security, and an application of these funds to the reimbursement of the plaintiffs. It is argued that the demand of the plaintiffs against Rogerson is founded upon the original dealings by which he became their debtor, and this demand yet subsists against him because it has never been satisfied. If this proposition could be maintained, which we are not prepared to concede, this bill nevertheless cannot be sustained. The funds cannot be pursued as the funds of Rogerson until a debt against Rogerson has been established. A court of Equity is not the proper forum for establishing such a debt. If it were a fit forum, a debt cannot be established in any proceeding to which the debtor is not a party.
The bill must be dismissed, and although the plaintiffs appear to have been heavy sufferers in the transaction of which they complain, yet as that loss is but the penalty which the law inflicts, and their claim for relief is, upon their own showing, unfounded, it must be dismissed with costs.
PER CURIAM. Bill dismissed.
Cited: Hines v. Spruill, 22 N.C. 99; Ballinger v. Edwards, 39 N.C. 453;Moore v. Beaman, 112 N.C. 565. *Page 53