Ruffin, C. J.
 

 The difference between the accounts given by Lane and Edwards of their dealings is not material to the determination of the present suit. The latter says the advance . of money to him was by way of loan, secured exclusively by the bond of himself and his father to Lane for $175, and that Boykin’s bond was do* livered to Lane, upon a distinct agreement for collection for him, Edwards: while Lane states the money to have been advanced upon and for Boykin’s bond and the payment of that bond, instead of being secured by Edwards’ endorsement, was secured by the bond to Lane of Edwards and his father, as a collateral engagement, but they agree in this, that Lane advanced to Edwards upon these papers only the sum of $ 120, instead of that of $175, less the interest for the time the bond of Boykin had to run. Now that is a case of plain'usury, and the contracts of Edwards touching it are void by the statute. The bill indeed does not enter into the particulars of the contract, but the- plaintiff is content to state, in general, that Lane “ purchased” Boykin’s bond and it is laid down that a purchase of a negotiable security for less than, the
 
 *454
 
 real value is valid. But that is subject to this qualification that it must be merely a purchase of the security and at the risk of the purchaser, and therefore if the person, who claims to be such purchaser, holds the person to whom the money is advanced responsible for the payment of the debt, it is not in law and fact a purchase of the security, but a loan of money upon the security ; and if the sum advanced be less than the amount of it, deducting the legal interest for the time until maturity, the loan is usurious.
 
 Collier
 
 v.
 
 Neville,
 
 3 Dev. 30.
 
 McElwee
 
 & Collins, 4 Dev. & Bat. 209. The latter case expressly and correctly lays down the rule that the ordinary case of discounting a note, with an endorsement or guaranty of the receiver of the usury is a lending within the statute.
 

 Now according to the plaintiff's own proof and taking the case most strongly for him, Lane took an obligation of Edwards and his father to himself for $175, as a collateral security and guaranty of the payment of the whole sum due on Boykin’s bond, and that constituted usury.
 

 Such being the nature of the contract, as established by the plaintiff himself, he can have no relief in this Court. The statute is as binding in this Court as at law. If indeed the borrower asks for assistance from equity, it may be referred, unless he deal equitably by paying the principal money borrowed and legal interest. But the lender has no ground on which he can come into and stand in a Court of Equity. He cannot ask this Court to restrain the other party from taking advantage of the statute at law, for example, by pleading it to an action against him for usury. And the borrower has just the same right to insist on the statute in any other form as in that. This defendant Edwards says, that the transfer of Boykin’s bond to Lane, as claimed by the plaintiff', was void at law upon the ground of usury, and therefore that he has a right to treat the bond still as his own, as in law it is¿ and receive the money on it from Boykin, or release it
 
 *455
 
 and dismiss all suits brought in his name on it. That is just as true, at law, as that he might plead the statute of usury to a suit brought by Lane against him for the money on his bond or his guaranty of Boykin’s bond. Lane, in whose shoes the plaintiff stands, has no equity, on which he can ask this Court to enjoin Edwards from asserting his legal rights; for the equitable assignment, on which the plaintiff insists, being founded on usurious lending, gives him no right to assistance here.
 
 McBrayer
 
 v.
 
 Roberts, 2
 
 Dev. Eq. 75.
 
 State Bank
 
 v.
 
 Knox,
 
 1 Dev. & Bat. Eq. 50.
 

 The bill must therefore be dismissed with costs.
 

 Per Curiam.
 

 Bill dismissed with costs.