JOHN BEARD and wife v. CHARLES J. BINGHAM and others.

*Court of Equity — Practice — Usurious Contracts.*

A Court of Equity will not permit the enforcement of a usurious contract, but when called upon by the borrower for assistance will compel him to do equity by paying the principal money with legal interest.

(*Ballinger* v. *Edwards*, 4 Ire. Eq. 449, cited and approved.)

MOTION to dissolve an Injunction, heard at Chambers on the 10th day of November, 1876, before *Cloud, J.*

The plaintiffs alleged that in January, 1874, they executed a note for $321.52, with interest at 10 per cent. to Thomas E. Brown one of the defendants, and to secure the payment

thereof executed a mortgage deed to defendant Bingham conveying certain lands in Rowan County, being the homestead of plaintiffs.

Subsequently defendant Brown assigned the note to defendant Kesler who purchased with notice of the usurious interest. A sale of the land was advertised by defendant Bingham under the power contained in the deed, but an order was made by *Kerr, J.*, restraining him from selling and directing him to appear before the Judge of the 8th District and show cause why the injunction should not be made perpetual.

The defendants appeared and filed an answer alleging that they did not intend to exact the 10 per cent. interest by reason of an Act to prevent usury, ratified on the 22nd of February, 1875 ; that the original consideration of said note was for money borrowed of one Swink, that Swink was indebted to defendant Brown for the purchase of a house and lot in Salisbury, and assigned the said note to said Brown as part payment ; that plaintiffs have never paid any part thereof ; the defendants ask that the injunction be dissolved and the said land be sold to pay the debt.

His Honor dissolved the injunction and ordered that de fendants be allowed to collect the principal of the note and six per cent interest, and adjudged that defendant Bingham the trustee proceed to sell the land.

Appeal by plaintiffs.

No counsel for the plaintiffs.

*Mr. J. M. McCorkle* for the defendants, cited *Ballinger* v. *Edwards*, 4 Ire. Eq. 449 ; *McBrayer* v. *Roberts*, 2 Dev. Eq. 75, and *State Bank* v. *Knox*, 1 D & B. Eq. 50.

FAIRCLOTH, J. A Court of Equity is as much bound by the Statute of Usury as a Court of Law, and will not allow the lender to enforce his usurious contract ; and when called

upon by the borrower for assistance to protect him it will give it, but will require him to do equity by paying the principal money and the legal interest. *Ballinger* v. *Edwards,* 4 Ire. Eq. 449, and the cases cited.

In this action the order below of His Honor is affirmed, with the modification, that if the plaintiffs fail to pay and satisfy said judgment for thirty days after service of a certified copy of this opinion then the defendants may proceed to foreclose their mortgage by sale and satisfy their said judgment. Defendants will recover their costs in this Court.

Let this be certified.

PER CURIAM.                Judgment accordingly.