P. B. CLIFTON v. JAMES C. WYNNE.

*Attorneys Tax Fee—Fictio Juris.*

1. The proceedings of a court are *in fieri* until the close of the term, and *hence* the act of Feb'y 14th, 1879, ch. 41, which abolishes the tax fee of attorneys in civil cases to be *thereafter determined* applies to all cases decided at January term, 1879, of the supreme court.

2. The fiction of law by which all the days of a term are condensed into one, and that the first, is intended to promote and not to evade justice, and cannot avail to defeat the clearly expressed legislative will.

(*Farley* v. *Lea*, 4 Dev. &'Bat., 169 ; *Weeks* v. *Weeks*, 5 Ire. Eq., 111; *Foust* v. *Trice*, 8 Jones, 490, cited and commented on.)

MOTION by defendant to Retax Costs, heard at June Term, 1879, of THE SUPREME COURT.

The question presented is whether the act of 1879, ch. 41, abolishing the tax fee of attorneys in civil suits, prevents the clerks from taxing such fees in cases heard at January term, 1879, of this court after the date of the ratification of said act.    See same case, 80 N. C., 145.

*Messrs. C. M. Cooke* and *A. W. Tourgee,* for plaintiff :

In opposition to the motion cited *Farley* v. *Lea,* 4 Dev. and Bat., 169 ; *Finly* v. *Smith,* 2 Ire., 225 ; *Norwood* v. *Thorp,* 64 N. C., 682 ; *Johnson* v. *Sedberry,* 65 N. C., 1 ; *Bates* v. *Bank, Ibid.,* 81 ; *Foust* v. *Trice,* 8 Jones, 490.    The act of the legislature was in force from its ratification.    The judgment of the court was in effect from the first day of the term.

*Messrs. Lewis & Strong,* for defendant :

In support of the motion, argued that the right to costs only vested by the judgment.    2 Bl. Com., 436 ; Bat. Rev., p. 276.    Till then, it was only a mere possibility, while a vested right is an estate vested in interest where there is a

CLIFTON *v.* WYNNE.

present fixed right of future enjoyment. Legislature may deprive one of a possibility. *Holliday* v. *McMillan*, 79 N. C., 315. And here it is taken away unless prevented by the fiction that judgments relate to the first day of the term; the leading case *Farley* v. *Lea*, recognizing this fiction, has been overruled. 63 N. C., 668, Rule 9; *Whitaker* v. *Wisbey*, 74 E. C. L. Rep., 48. If the fiction can no longer defeat the act of an individual, as in *Farley* v. *Lea*, it cannot *a fortiori* defeat the act of the sovereign.

SMITH, C. J. The general assembly at its late session. passed an act " to abolish the tax fees of attorneys charged. in bills of cost in civil suits," which was ratified and took effect on the 14th day of February, 1879. Acts of 1879,. ch. 41.

The first section enacts " that clerks of the supreme and superior courts shall not include or charge in any bill of costs any attorney's fee in any civil suit hereafter determined in any court of the state, and that all laws or parts of laws coming in conflict and within the meaning and purview of this act, be and they are hereby repealed."

The defendant's counsel moved to have the fee taxed by the clerk for the use of the relator's counsel stricken from the bill of costs, and thus the question is raised whether the act applies to causes depending in this court and disposed of at the last term, which began on the first Monday in January and ended in April.

The act in direct terms forbids the taxation of " an attorney's fee in any civil suit" *thereafter determined,* and obviously includes the present case, unless it is exempted under the rule or fiction which assigns to the first day all. the business of the entire session of a court, and hence considers the cause to have been determined before the law was passed. The rule may be more accurately stated as condensing all the days of a session into a single day, and that

11

the first, whenever the rights and interest of suitors are to be affected. It is also an established rule of the court that all matters depending before it, and its action upon them, are *in fieri*, undetermined, until its close, and meanwhile under its control. No cause is, properly speaking, finally .disposed of, put an end to, or in the words of the act, determined, until the end of the term, and then the action of the .court is referred to its commencement to avoid unseemly .controversy for priority or advantage among suitors whose .cases were acted on at different periods of the session. But .a fiction adopted for convenience and to promote the ends .of justice, will not be allowed to defeat the substantial rights of others, nor to obstruct the clear expression of the legislative will. "The court will not endure," says Lord MANSFIELD in *Johnson* v. *Smith*, 2 Burr., 950, 963, 1 Wm. Black., 207, 215, "that a mere form or fiction of law, introduced for .the sake of justice, should work a wrong, contrary to the .real truth and substance of the thing."

The extent to which the fiction has been carried in this state will be seen in the cases cited by counsel in the argument. *Farley* v. *Lea*, 4 Dev. & Bat., 169; *Weeks* v. *Weeks*, 5 Ire. Eq., 111; *Foust* v. *Trice*, 8 Jones, 490.

The subject was considered by this court at June term, 1869, when framing rules of practice, and the absurdity of :applying the rule to cases of appeal from a superior court, whose term began after that of the supreme court, was so manifest that it was repudiated and the case of *Farley* v. *Lea* overruled upon the authority of the well considered case of *Whitaker* v. *Wisbey*, 74 Eng. Com. Law Rep., 44; 63 N. C., .667, Rule 9, note. The facts in that case are these: The goods, the subject of the action, were claimed by the plaintiffs under a *bona fide* assignment made on the 20th day of March, 1851, and by the defendant under a forfeiture incurred by the assignor, Thomas Whitaker, for the crime of arson of which he was convicted before the assizes on the

22d day of the month, the fourth day after the session began. It was insisted that the title under the forfeiture by relation accrued on the 19th day of March, and displaced the assignment. The defence was not allowed, and the plaintiff had judgment. MAULE, J., quoting and approving the words of the court in *Wrangham* v. *Husey*, 3 Wils., 274, says: "By fiction of law the whole term, the whole time of the assizes and the whole session of parliament may be, and sometimes are considered as one day, yet the matter of fact shall overturn the fiction in order to do justice between the parties."

The decision in *Farley* v. *Lea* was but an application of a rule of law and not a fiction which gives to an execution a lien on the property of a debtor from its teste, which is always the beginning of the term, so as to defeat any intervening disposition of the property by the debtor to the prejudice of the creditor.

The principle to be extracted from *Whitaker* v. *Wisbey*, is that rights and interests intermediately acquired are not displaced by the fiction, and that the one on which the court in fact rendered its judgment may be enquired into in deciding upon the preferences among contesting claimants.

Many embarrassments must be encountered in the attempt to enforce the rigid rule of relation. Suppose the offence to have been committed and the criminal indicted, tried and convicted on some day or days during the term, is it a legal intendment that the trial was before the criminal act itself? or if the statute creating the offence is repealed after the term begins, will the court upon the theory of relation proceed to try and punish in disregard of the repealing act? or would not a compromise or payment, under like circumstances, be recognized as putting an end to the action, if brought forward before the term expires? In these and similar cases which may be supposed, the application of the fiction would be wholly inadmissible; and if so in regard to private interests merely, much more must it be our duty,

in giving effect to a public statute, to ascertain the facts upon which it is to operate. But aside from all this, we put our decision upon the distinct ground that none of the causes decided at the January term were determined, in the sense of the statute, until its close in April, and hence its prohibition extends to them all, as well those in which opinions had been filed as those in which they had not been, at the date when the act went into effect. This is the clear intent of the general assembly, and the plain meaning conveyed in the statute. Of its policy we are not called on to speak, the office of the court being to expound the law and enforce its command. The motion is allowed, and the bill of costs will be corrected accordingly.

PER CURIAM.                                          Motion allowed.