M. P. PURNELL *v.* VAUGHAN, BARNES & CO.

*Usury, relief against.*

Equity will relieve against usury only upon the borrower's paying the principal sum loaned and legal interest.

(*Ballinger* v. *Edwards,* 4 Ired. Eq., 449; *Beard* v. *Bingham,* 76 N. C., 285; *Simonton* v. *Lanier,* 71 N. C., 498, cited and approved.)

APPEAL from an Order made at Spring Term, 1878, of HALIFAX Superior Court, by *Seymour, J.*

The facts are reported in same case 77 N. C., 268, and 80 N. C., 46. Upon the coming in of the report of a referee, the court intimated that the plaintiff could not maintain his action without submitting to a judgment against him for the amount actually due the defendants with six per cent interest thereon. Whereupon the plaintiff took a nonsuit and appealed.

*Messrs. R. B. Peebles, Day & Zollicoffer* and ·*J. B. Batchelor* for plaintiff.

*Messrs. Mullen & Moore, R. O. Burton, Jr., Reade, Busbee & Busbee* and *Gilliam & Gatling,* for defendants.

SMITH, C. J.   At June term, 1877, this case was before the court upon the plaintiff's appeal from an interlocutory judgment granted " on the condition that the plaintiff agree in writing to forego and release all claim for forfeiture and penalty on account of usury," and submit " to pay the balance if any found against him, with six per cent interest thereon from the time it falls due." The exception was to the judgment imposing the condition, and this court declared that there was no error therein. At the hearing of the cause in the superior court at spring term, 1878, upon the coming in of the report of the referee, the court expressed the opinion " that the plaintiff could not maintain his action without submitting to a judgment against him for the amount actually due to the defendants with six per cent interest thereon," and thereupon the plaintiff was allowed to dismiss his bill.

We have already decided upon the defendants' appeal (80 N. C., 46,) that the order of dismissal on the plaintiff's motion was erroneous, and that the cause must proceed to a final disposition of the matters in controversy. It is needless to repeat the reasons which led to that conclusion.

The present appeal presents for review the correctness of the ruling of the court, in deference to which the plaintiff attempted to put an end to the proceeding. In our opinion, the principle involved in the present, is settled by the decision in the plaintiff's former appeal from an order essentially the same, and the question cannot now be made. If it were otherwise, the decisions are numerous and uniform in this state, as elsewhere, that a debtor seeking the aid of a court will be relieved of the usurious element in his debt, only upon his payment of what is really due. "If indeed the borrower," says RUFFIN, C. J., "asks for assistance from equity, it may be refused unless he deal equitably by paying the principal money loaned and legal interest." *Ballinger* v. *Edwards*, 4 Ired. Eq., 449; *Beard* v. *Bingham*, 76 N. C., 285.

The present system of practice has not changed the rule upon which relief is afforded an applicant debtor. In *Simonton* v. *Lanier*, 71 N. C., 498, the defendants against whom judgment by default had been taken for their failure to answer, for a debt containing usurious interest, moved to set aside the judgment, and if this was disallowed to correct and reform it by striking out the usurious interest. The court refused the first and granted the second motion, and BYNUM, J., delivering the opinion, says: " As the defendants came into this court *to ask favors* and this is a court of equity as well as law, they will be required to do equity, that is, *to pay the debt and legal interest thereon* for the loan of money, to-wit, eight per cent." The plaintiff having invoked and received the aid of the court, must submit to conditions upon which, according to the settled practice of the courts it is rendered, and has no just grounds of complaint of the order requiring him to do so. There is no error and this will be certified.

No error. Affirmed.