J. M. TURRENTINE v. THE RICHMOND AND DANVILLE RAILROAD COMPANY.*

*Appeal—Service of Case.*

1. Until the term expires, there is no final determination of the cause, so that the case on appeal need only be filed within five days after the end of the term at which judgment is rendered.

2. In calculating the time within which the case on appeal must be filed, the first day is to be excluded.

(*Clifton* v. *Wynne*, 81 N. C., 160; *Moore* v. *Hinnant*, 90 N. C., 163; *Barcroft* v. *Roberts*, *ante*, 249, cited and approved).

This was the defendant's appeal in the preceding case.

The trial of this cause was entered upon during the Spring Term, 1884, of the Superior Court of Mecklenburg county on

---

*MERRIMON, Judge, having been of counsel, did not sit on the hearing of this case.

March 5th, and terminated on the 12th day of the month, when, in open court, the defendant appealed, and was allowed to do so without making a deposit or giving the secured undertaking for costs.   The session was concluded and the court adjourned on the 15th day of the month.

The case on appeal was prepared by the counsel of the appellant and served on the defendant's counsel on the 20th, five days thereafter.   On the last mentioned day, the plaintiff's counsel also called upon the clerk at his office, and asked him to enter the judgment rendered upon the judgment-docket, and the plaintiff's appeal also.   The clerk declined to do this, and thereupon the counsel filed the appellant's exceptions in the office.

Upon the hearing before the judge in order to the settling of the case on appeal, the defendant's counsel objected to the consideration of the statement of the plaintiff's case and the adjustment of the differences in order to its completion, upon the ground that the copy had not been served on him within five days "from the entry of the appeal taken," as prescribed and limited by *The Code,* sec. 550.

The court deemed the objection untenable, and denying the motion, proceeded to make up the case, and the defendant appealed.

*Mr. W. P. Bynum,* for the plaintiff.

*Messrs. D. Schenck* and *Reade, Busbee & Busbee,* for the defendant.

SMITH, C. J. (after stating the facts).   There is no error in the ruling of the court.   The proceedings had during the sitting of the court are *in fieri,* and a judgment rendered is subject to be set aside, modified and changed, should the judge upon a reconsideration deem it erroneous or unsatisfactory in any particular. It is not final and conclusive until the term expires and his authority ceases.   This is equally true of an appeal, which is subject to the same conditions, and may be defeated by the action of the court in vacating the judgment or in so modifying it as to remove the objectionable part.

As until the term expires there is no final determination of the cause, the appeal in a legal sense is then taken and becomes absolute. *Clifton* v. *Wynne*, 81 N. C., 160; *Moore* v. *Hinnant*, 90 N. C., 163, and numerous cases referred to in the opinion.

It is manifest then that the judgment is *not rendered*, that is, not made final and complete until the term closes, and so the appeal is only taken when the judgment becomes absolute and fixed. Otherwise in a protracted term, the cause might be taken out of the jurisdiction and placed beyond the control of the judge. Yet the authorities are clear that his jurisdiction retains the cause in court during the entire term, and subject to his authority.

· The copy was served within the five days, since in counting time the first day is excluded, as provided in section 596 of *The Code*, and decided in *Barcroft* v. *Roberts*, *ante*, 249. The entry of the appeal on the 12th was but an inchoate, not a consummated act, awaiting the possible intervention of the judge, but to be proceeded with, when his control · over the case ceases, within the time limited for the perfection of the appeal. There is no error, and the judgment is affirmed.

No error.                                    Affirmed.