R. F. COOK v. T. L. PATTERSON.

*Usury— Costs—The Code,* §§ 528, 3826.

1. A mortgagor applied for an injunction to restrain the mortgagee from selling under the mortgage, alleging that the debt secured was usurious, and that he was entitled to sundry credits. The mortgagee denied the usury, but the issue on that plea was found against him: *Held,* that defendant was entitled to judgment for the amount actually due on the mortgage debt, with interest, and, under *The Code,* § 528, for costs.

2. One who goes into a court of equity to seek relief from a usurious contract, will be required to pay legal interest, which, under *The Code,* § 3836, is eight per cent., if the contract is to pay that rate.

CIVIL ACTION, tried before *Brown, J.,* at February Term, 1889, of IREDELL Superior Court.

The plaintiff alleged in his complaint that, being embarrassed with debt, he applied to defendant for the loan of three hundred and fifty dollars, with which to pay off his indebtedness; that defendant agreed at first to lend that amount, if he could secure payment by a mortgage on a certain tract of land, charging eight per cent., and a small bonus to cover expenses, but when the plaintiff applied for the money in order to fulfill his promise to his creditors, the defendant required him to execute a note for three hundred and ninety dollars ($390), with interest at eight per cent. per annum, when, in fact, he lent plaintiff only three hundred and fifty dollars.

Plaintiff further alleges, that defendant stated that he required a bonus of forty dollars for the loan, and that he did execute a mortgage on the land first mentioned by defendant, to secure the payment of said note for $390, dated February 11, 1884, and that the defendant had advertised the said land, and was threatening to sell by virtue of said mortgage, and that since the execution of the note, the

plaintiff had made several payments on the note. The plaintiff prayed for an injunction.

The defendant averred, that he lent plaintiff, and actually furnished him, three hundred and eighty dollars in money; that he charged plaintiff ten dollars for cost of getting an abstract of title to his land, and therefore took the note for $390, with interest at eight per cent. per annum.

At the trial, the following issues were submitted to the jury, viz.:

1. " Was the sum of $40 or any other sum included in the note as excessive interest over eight per cent.? If so, what sum ?"  Answer, " Yes; thirty dollars."

2. " What payments have been made by the plaintiff thereon ?"  Answer, " February 6, 1886, $51.50; November 11, 1886, $25.75.  Total, $77.25."

The findings of the jury were as above indicated.

Upon these findings of the jury and the pleadings, the defendant moved the Court for judgment for the amount of his debt and legal interest and costs of action.  The Court declined such judgment, and, upon motion of plaintiff's counsel, ordered judgment for defendant, for the sum of $360, less credits, $77.25, and declined to allow defendant any part of the legal interest due upon said debt, or any costs up to and including this term of the Court. Defendant excepted, and appealed.

No counsel for the plaintiff.
*Messrs. Chas. Armfield* and *W. D. Turner*, for the defendant.

DAVIS, J. (after stating the facts).  The defendant, after reducing the amount apparently due by payments, and making allowance for usurious charges, was entitled to recover a judgment.  There was no allegation that the whole debt had been paid, or, in any view of the case, forfeited ; and judgment was actually rendered for three hundred and sixty

dollars, less the payments, ascertained by the jury to have been made, or for $282.75.

Section 528 of *The Code* provides that to either party for whom judgment shall be given, there shall be allowed, as costs, his actual disbursements, &c. It is clear that the defendant was entitled to recover costs. In *Costin* v. *Baxter*, 7 Ired., 111, the facts were, that the plaintiff declared in three counts, and entered a *nolle prosequi* in two, but recovered on the remaining count. This Court held that the defendant was not entitled to recover for charges of witnesses summoned to meet the counts abandoned by plaintiff, upon a proper construction of the act of 1777. Rev. Stats., ch. 31, § 79.

In *Wooley* v. *Robinson*, 7 Jones, 30, it was held that the party who prevailed and obtained judgment must recover costs, under Revised Code, ch. 3, § 75, unless otherwise directed by some particular statute. The older statutes, construed by the Court in those two cases, do not differ materially, so far as the question before us is involved, from section 528. In the absence of any special provision of law taking this case out of the general rule, it should have been followed in rendering judgment.

This is not an action brought to recover usurious interest under section 3836 of *The Code*. The action was, in fact, brought more than two years after the first payment made on the note, but the plaintiff declares, in his complaint, that he is willing to pay the amount due, with legal interest at eight per cent. The defendant moved the Court for judgment for the amount of the debt, after making the deduction, with legal interest, and we think that, in refusing this motion, his Honor erred also. If the defendant had invoked the aid of the Court by asking for a judgment for his debt, the rule adopted by the Court below would have applied. But when the plaintiff asks the Court to interfere and grant an

103—9

injunction till the true amount can be ascertained, he is deemed subject to the rule, that one who seeks equitable relief must do equity. The Court will, therefore, compel him, as a condition upon which the aid of the Court is extended to him, to pay the amount that is justly due in good faith. *Manning* v. *Elliott,* 92 N. C., 48; *Purnell* v. *Vaughan,* 82 N. C., 134; *Simonton* v. *Lanier,* 71 N. C., 498.

In the two first of the cases cited, it was held that the condition upon which relief is granted in cases of this kind, is the payment of what is really due. The plaintiff contracted to pay interest at eight per cent., and it was lawful to agree to that rate on the amount found to be really due ($360)· Moreover, in his complaint he tenders a judgment for the amount justly due and legal interest at eight per cent. That rate was allowed in *Simonton* v. *Lanier* by this Court, when, in fact, the defendant had agreed in the note to pay interest at the rate of one and a half per cent. per month. It is just and equitable that he should perform so much of the agreement, on his part, as was not in contravention of law.

The judgment must be modified in conformity with this opinion.

Error.                                        Modified.