THOMAS MOORE v. N. H. BEAMAN et al.

*Rehearing on Appeal—Usury.*

1. Under the Act of 1866, chapter 24, which is essentially the same as the present usury law (section 3836 of *The Code*), the taking, receiving, charging, etc., a greater rate of interest than the legal rate prescribed by the act is a forfeiture of the entire interest.

2. A loan of money at a greater rate of interest than that allowed by the law (ch. 24, Acts 1866) is, usury being pleaded, simply a loan which, in law, bears no interest, and payments being made the law applies them to the only legal indebtedness—the principal sum.

3. Under the Act of 1866 (ch. 24), which declares that "no interest shall be recoverable at law or in equity," when more than the legal rate has been contracted for, it is immaterial whether the creditor seeks his relief by a proceeding which formerly would have been termed a suit in equity, or by an action at law, or whether the creditor be plaintiff or defendant.

4. Where a point was fully argued, considered and passed on at a former hearing, and no new authority has been cited and no authority or material fact overlooked, the point will not be considered on a rehearing,

5. The fact that all the authorities cited in the argument were not noticed and discussed in the opinion handed down by the Court is no ground for a rehearing of the case.

AVERY, J., dissenting.

PETITION to rehear the case decided at September Term, 1892, of this Court, and reported in 111 N. C., 328.

The petition was as follows:

"The plaintiff, Thomas Moore, respectfully asks the Court for a rehearing upon the following grounds:

" 1. The Court seems to have overlooked the cases of *Webb* v. *Bishop*, 101 N. C., 99, and of *Hughes* v. *Boone*, 102 N. C., 137, in both of which cases it is held that under contracts entered into under the statute of 1866 legal interest may be recovered notwithstanding usurious interest may have been charged.

"2. The Court seems to have overlooked the provisions of the several statutes of 1866, 1874–'75, and 1876–'77. In all of these statutes the rate of interest is the same, the provisions with relation to the penalty in the statute of 1874–'75 do not apply to this contract, and the statute of 1876–'77 repeals the penalty provided in the Act of 1866, in that it adds a new penalty, to-wit, the right to recover double the amount of the interest paid. *United States* v. *Tyner*, 11 Wall., 88; *Norris* v. *Crocker*, 13 How., 429. The defendants had no contractual rights in the penalty, the repeal, impairment and abrogation of which would be violative of the Constitution of the United States. *Ewell* v. *Daggs*, 108 U. S., 150. The penalty prescribed in the Act of 1876–'77 could not be applied to this contract, for, subsequent to the making of the contract, the addition of new penalties would be an impairment of the contract.

"3. The petitioner respectfully submits that the Court erred in holding that the payments made by defendant should be applied to the extinguishment of the principal, and contends that the payments should have first been applied to the extinguishment of the interest due at the time of such payments respectively. *Bank* v. *Lutterloh*, 81 N. C., 142; *Webb* v. *Bishop*, 101 N. C., 99.

"4. The plaintiff respectfully submits that the case of *Gore* v. *Lewis*, 109 N. C., 539, cited by the Court, is not in point as to the question of the plaintiff's right to recover interest in this case, from the fact, which seems to have been overlooked by the Court, that the contract sued on in *Gore* v. *Lewis* was entered into under the law of 1876–'77, and the contract sued on in this case was entered into while the Act of 1866 governed."

*Messrs. C. B. Aycock, W. C. Munroe* and *T. C. Wooten*, for plaintiff.

*Mr. George M. Lindsay*, for defendants.

CLARK, J.: This is a petition to rehear this case decided 111 N. C., 328. The statute provides (*The Code*, §3836), "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, or other evidence of debt, carries with it, or which has been agreed to be paid thereon." This is clear, plain and explicit. There is no doubt of the meaning of the law-making power nor of its authority to make the enactment. Nor is it questioned that the plaintiff in this case did contract for a larger rate of interest than that allowed by statute. When, therefore, he comes into court to get the aid of the law, he cannot (the defendant having pleaded the usury) get any more than the law allows; *i. e.*, the principal without any interest. This has been recently decided. *Gore* v. *Lewis*, 109 N. C., 539 ; *Arrington* v. *Goodrich*, 95 N. C., 462.

It is entirely immaterial whether the plaintiff creditor has sought his relief by a proceeding which formerly would have been termed a suit in equity or an action at law. The distinction between these modes of procedure is expressly abolished by the Constitution, Art. IV, sec. 1. Besides, the plaintiff is seeking to enforce collection of his debt, that is the substance of it, and he cannot, by skillfully selecting one prayer for relief instead of another, avoid the penalty which the law imposes upon the transaction, which is the basis of his action. Furthermore, the act in force when this debt was contracted (1866, ch. 24) was passed while the distinction still existed between proceedings at law and in equity, and to forbid the plea now set up it is expressly provided that "no interest shall be recoverable at law or in equity" when a greater rate than legal interest is contracted for.

The petitioner contends that *Gore* v. *Lewis, supra,* was decided under the present usury act, ch. 91, Acts 1876–'77 (now *The Code,* §3836), while this debt was contracted under the law formerly in force, which was ch. 24, Acts 1866. This same point was made before—it was fully argued and was considered and passed upon by the Court. No new authority is now cited, nor was any authority or material fact overlooked. Upon all the precedents the rehearing must be denied. *Hudson* v. *Jordan,* 110 N. C., 250.

The *gravamen* of the petition seems to be that the Court did not notice in its opinion all the authorities cited on the argument. But that is not good ground for a rehearing. It is the custom of the Court to examine and consider all the precedents with which we are favored by counsel on the argument or in the printed briefs, and that was done in this case. But to notice, distinguish, criticise or show the inapplicability of each and every case relied on would often draw the opinions out to an unseemly length. We will, however, now notice the three cases which were used by plaintiff on the argument before and which, though considered by the Court, were not referred to by name in the opinion.

*Bank* v. *Lutterloh,* 81 N. C., 142, and *Webb* v. *Bishop,* 101 N. C., 99, were like this case in that the contract was made under the Act of 1866 and the action was brought after the Act of 1876–'77 (now in force). The Court reviewed in those cases the effect of the Acts of 1874–'75 and 1876–'77, and clearly recognized that the penalty of forfeiture of interest denounced by the Act of 1866 was still enforceable as to contracts made under its operation, but held that the right added by the Act of 1876–'77 to recover back interest paid (which by the parties themselves had been applied as interest) could not apply to contracts made prior to its passage. But here, there was no application by the parties

of any payment to interest, nor is any interest sought to be recovered back. The contract by the Act of 1866 is, usury being pleaded, simply a loan of money which in law bore no interest. When payments were made the law applied them to the only legal indebtedness—the principal sum; for the Act of 1866 expressly provides that the usurer shall recover no interest whatever "at law or in equity." This is the general rule. *Kinser* v. *Bank,* 58 Iowa, 728; *Cheapstead* v. *Frank,* 71 Ga., 549; 11 Am. and Eng. Enc., 411.

*Hughes* v. *Boone,* 102 N. C., 137, was like both the last cited cases, and the present one, in that the usurious contract was made under the Act of 1866 and action was begun after the adoption of the present act. The plaintiff contended that he could recover twelve per cent. interest by the terms of the agreement, because the Act of 1874–'75 had repealed the Act of 1866. The Court below allowed six per cent. interest. The plaintiff alone appealed. The defendant not having appealed, the validity of the allowance of six per cent. was not before the Court, and anything in the opinion which might seem to recognize its validity was mere *obiter dictum,* and is opposed to the decisions above cited. The point was not presented for adjudication and could not have been argued. But the Court did hold against the plaintiff's contention, as we held in this case, that "the Act of 1874–'75 did not apply to contracts existing" at its adoption, and that the Act of 1876–'77 was "substituted" for it, and hence that the plaintiff could not recover twelve per cent. interest which was forbidden by the Act of 1866, which was in force when the debt was contracted.

By the law of 1866, in force when this contract was made, no interest was recoverable in law or equity when a higher rate of interest than the law allowed was agreed

upon. By all the authorities above cited the Act of 1866 has not been repealed by either the Act of 1874–'75 or the Act of 1876–'77 (now in force), as to contracts made during its operation. No payment has been made and applied to the interest. The creditor has come into court and asked for some remedy which would bring to him payment of his debt, and has obtained judgment for the debt and a decree of foreclosure. The Court can only say to him that as to his debt the Act of 1866 is still in force; that the law applies the payments (in the absence of application by the parties to the interest) to the only valid indebtedness, i. e., the principal thereof, and that the Legislature having forbidden the recovery of any interest, the creditor can only have a remedy to the extent of the principal sum remaining unpaid after the application of the payments thereto.

If the plaintiff thinks it hard that he should recover no interest at all, he must remember that the law-making power of his State has always forbidden as high a rate of interest as he exacted and had placed on the statute book at the time he made this contract the enactment that if any one agreed to receive more than the legal interest on a loan he should "recover no interest either in equity or at law." He deliberately violated this law. He took the risk. The Courts have neither the power nor the disposition to abrogate a statute in order to relieve him from the consequences of his own act. As we said before, in grasping after illegitimate and forbidden gains he has lost the legal interest which he could otherwise have recovered.

There are some authorities in our State to the effect that when the debtor brings the action and invokes the equitable jurisdiction of the Court, as by an injunction to prevent a sale under a mortgage, the Court will only grant relief upon payment of the principal with legal interest. This is put upon the principle "who asks equity must do equity."

This Court is not now called on to intimate any opinion either way upon those authorities, as the question is not before us for decision, since this action is brought by the creditor. Speaking, therefore, solely for myself, I do not see how the principle cited applies nor the authority of those decisions. At common law all interest was forbidden and its receipt was a punishable offence. 11 Am. and Eng. Enc., 379. The common law in this was even more rigid than the Levitical law, which only forbade taking interest from Israelites. All interest with us is purely statutory, and no debt bears interest except when authorized by law. 11 Am. and Eng. Enc., 380, and numerous cases cited. It is within the exclusive province of the law-making power to prescribe upon what conditions and at what rate interest can be allowed or contracted for, and what shall be a forfeiture of the right to collect it. It can make no difference whether the debtor is plaintiff or defendant. Whenever there is a controversy in court between the debtor and creditor to adjust the amount of the indebtedness, and it is made to appear that there has been a violation of the terms upon the observance of which the creditor is entitled to the collection of any interest at all, the Court has only the authority conferred by law. It can only give judgment for the principal without interest.

Nor can it make any difference that the proceeding is one which would formerly have been upon the equity side of the docket. The grant of an equitable remedy by injunction and the like is not a matter of discretion or favor, but as much a matter of right as any strictly legal remedy. Hence the principle invoked, "he who asks equity must do equity," has no application to a case like this where the right is conferred by statute, that the debtor shall be compelled to pay no interest when usury has been contracted for. With the policy of the law we have nothing to do. That rests with

the people acting through their representatives in the law-making department of the government. That the act may work a hardship in any case gives the Courts no authority to disregard the statute or explain it away. The Judges cannot be wiser than the law. When, as here, the Legislature has constitutional authority to make the statute, and its meaning is plain, with no limitation making it apply only when the action is brought by the creditor, the Courts have not, in my opinion, the power to so restrict it.

Under the usury act in force up to 1866 whenever usury was reserved the entire contract was void, and neither principal nor interest could be recovered. *Ehringhaus* v. *Ford*, 25 N. C., 522. In *Ballinger* v. *Edwards*, 39 N. C., 449, this was construed to apply only on the law side of the docket, and when the debtor had to seek the aid of a Court of Equity he was compelled to pay the principal with legal interest. The Act of 1866, while reducing the penalty to the loss of interest, seems to have expressly intended to change the doctrine laid down in *Ballinger* v. *Edwards*, by providing that no interest on usury contracts shall be recovered either "at law or in equity." The subsequent decisions seem to have been inadvertent to the change. The present statute is equally broad, it not being restricted from applying to "cases formerly cognizable in equity." Similar statutory enactments for the same purpose have been passed by New York, New Jersey and other States. Tyler on Usury, 435. In *State Bank* v. *Knox*, 21 N. C., 50, GASTON, J., says: "An usurious contract is regarded by the settled law of every Court as an oppression, practiced or attempted by the lender upon the borrower. A Court of Equity cannot therefore be invoked to aid such a contract in whole or in part, or to redress the oppressor, because the meditated injury has, by the artifice of the intended victim, been made to recoil upon himself. Oppression cannot

demand help even against fraud. The Court is not at liberty to array its imagined wisdom against the legislative will, or to defeat public policy by a recourse to the code of honor or morality."

In the present case, however, there is no fraud charged against the defendant. The creditor, having brought an action to enforce an usurious contract, is entitled to judgment for the principal subject to payments made and without any interest.

Petition Dismissed.

AVERY, J., dissents.