WALKER, J., dissenting.
CLARK, C. J., concurring in the dissenting opinion.
Civil action upon exceptions to report of referee. The court overruled all plaintiffs' exceptions and sustained defendants' exceptions, and made findings of fact and law and rendered judgment accordingly. The plaintiffs appealed.
In this action plaintiffs seek to perpetually restrain the defendants from foreclosing certain mortgages under powers of the therein contained, executed to Z. V. Hooker and F. C. Harding and assigned by them to S. T. Hooker. An injunction to the hearing was granted, a reference had, and the case is now presented upon the facts and conclusions of law embodied in the final decree.
The admitted facts are that S. T. Hooker loaned to plaintiffs $12,000 in actual cash and received from plaintiffs their notes and mortgages in amount in excess of that sum made to Z. V. Hooker and F. C. Harding, which were assigned by them to S. T. Hooker; that the excess over the $12,000 represents "bonus" added in the notes. The Court finds that S. T. Hooker, before advertising the property for sale, voluntarily remitted to plaintiffs all over the $12,000 in actual cash loaned plaintiffs and legal interest thereon, and that the defendants have never collected anything whatsoever on either of said notes nor received any money or other thing of value on any one of them. *Page 283 
It is contended by the plaintiffs:
1. That Z. V. Hooker in September, 1914, commenced an action against plaintiffs to foreclose these mortgages; that pending the trial at April Term, 1915, Z. V. Hooker submitted to a voluntary nonsuit, and that the effort of defendants to foreclose under the powers of sale is but a continuation of that action, and, therefore, the defendants Hooker in this action should be treated as if they were seeking the aid of the court by legal proceedings to foreclose and have their rights and equities adjusted accordingly.
We are unable to see the force of this contention. Z. V. Hooker had the legal right to submit to the nonsuit, and that terminated that action, especially as Corey and wife, the defendants in it, took no exception. The right of a plaintiff to submit to a nonsuit before verdict is well settled.Oil Co. v. Shore, ante, 51. In the case at bar the defendants ask no aid from the court and do not seek to foreclose the mortgages by legal process.
2. The plaintiffs contend that under the facts of this case they are entitled to recover by way of penalty $8,650, being "twice the amount of such interest paid," and to have the said sum credited on the principal of the notes. This contention is without merit. It is (231) found as fact, and not denied, that the plaintiffs have received in actual cash $12,000 and have never paid a penny in money or money's worth as interest or bonus. In Rushing v. Bivens, 132 N.C. 273, it is held that usury must be actually paid in money or money's worth before an action can be maintained therefore, and that giving a note for the usury does not amount to payment. In the opinion Judge Connor says: "We think before the plaintiff can maintain the action he must pay the usury in money or in money's worth; he has done neither; he has paid nothing. It is well settled that the penalty is not incurred by the charge of usurious interest; it is by the taking the usury that the party incurs the penalty. No action lies therefore until it is paid." To the same effect is Riley v. Sears,154 N.C. 521; Pritchard v. Meekins, 98 N.C. 244.
It would be most extraordinary if plaintiffs, without having paid defendants one penny in money or its equivalent, could recover of them a penalty of $8,650 and have that sum credited upon the principal of their indebtedness.
3. Failing in that, plaintiffs contend that they are entitled to a perpetual injunction against the foreclosure under the power of sale and to a cancellation of the notes and mortgages upon repayment of the principal sum of $12,000, without interest. The plaintiffs are borrowers, asking equitable relief. Such relief will be granted only upon condition of their doing equity by returning the money actually received, with legal *Page 284 
interest. It has been repeatedly held by this Court that when a mortgagor brings an action to restrain the mortgagee from selling mortgaged property on the ground that the debt secured is usurious, an injunction will be refused if the mortgagee waives the usurious parts of the contract. Where the debtor comes into a court of equity and asks relief against a usurious contract he must pay the defendant the money justly due him, with legal interest thereon. Manning v. Elliot, 92 N.C. 48; Purnell v. Vaughan,82 N.C. 134; Ballinger v. Edwards, 39 N.C. 449; Beard v. Bingham,76 N.C. 285; Simonton v. Lanier, 71 N.C. 498; Cook v. Patterson,103 N.C. 127; Churchill v. Turnage, 122 N.C. 426; Owens v. Wright,161 N.C. 127.
This equitable and just rule prevails in practically all the States of this Union as well as in England. 39 Cyc., 1010. The fact that the statute declares all interest forfeited does not effect the operation of the rule.Carver v. Brady, 104 N.C. 219; Cushman v. Sutphen, 42 Ill. 255.
In reaching our conclusion we have followed the unbroken line of precedents in this Court for half a century, as well as the overwhelming weight of authority in this country as well as in England.
The Alabama court has gone so far as to the hold that a statute providing that usurious contracts cannot be enforced either at law of in (232) equity, except as to the principal sum due, does not prohibit a court of equity in a suit by a borrower for relief against a usurious contract from granting such relief on condition that the complainant repay borrowed money with legal interest thereon. Lindsay v. U.S.Savings Bank, 127 Ala. 366; 51 L.R.A., 393.
4. Finally the plaintiffs contend that the defendants should not be permitted to exercise the power of sale in the mortgages, because they have failed to list them for taxation. The statute relied on is copied and construed in Hyatt v. Holloman, 168 N.C. 387. The defendants are not seeking to recover anything "by action at law or suit in equity," and under the authority of that case this defense cannot avail plaintiffs. In any event, defendants would have the right to pay the taxes into court, as they have offered to do if liable therefor.
But the judge, in sustaining all of defendants' exceptions and finding the facts as contended for by them, has practically determined that the notes and mortgages are not liable for taxation, as defendants' personal indebtedness exceeded them in amount.
Upon a review of the record, the judgment of the Superior Court is
Affirmed.