Civil action to restrain the foreclosure of two mortgages and to have the debts secured thereby credited with a foreclosure of the entire interest charged and twice the amount of usurious interest paid thereon. *Page 306 
The facts established by the verdict or not disputed are as follows:
1. The defendant, being the holder of two notes executed by the plaintiffs, one for $1,000 and the other for $4,000, each being secured by real estate mortgage on the same property, and default having been made, was, at the time of the institution of this action, proceeding to advertise and sell the same under powers contained in said mortgages. The plaintiffs instituted this action to restrain the sale of the property under the powers of the mortgages and for the relief set forth in the complaint.
2. A restraining order was issued prohibiting the sale, and the sale of the lands did not take place because of the restraining order and the lands have not been sold.
3. The defendant admitted collecting interest on the $1,000 note, the smaller indebtedness, for five years at $80 a year, that is, $400; and on the $4,000 note, the larger indebtedness, the interest for one year, of $320. Upon issues submitted the jury found that the defendant had retained $80 at the time of making the $1,000 loan, and $320 at the time of making the $4,000 loan.
4. It is admitted that only one interest payment, that is the last $80 payment of interest on the smaller note, was made within two years prior to the institution of this action.
5. In his answer the defendant expressed his willingness to credit the indebtedness with the interest admitted by him to have been paid by the plaintiffs, and with any further payments of interest, if any had been made thereon, and offered to accept from the plaintiffs the money actually loaned, with legal interest.
6. The defendant did not and does not ask any relief in this action from the court, the prayer of the defendant being that the restraining order issued be dissolved and he go without day.
7. Upon the coming in of the verdict, establishing the facts as above set out, the defendant again reannounced his willingness as expressed in his answer and reiterated at the trial, to remit all usurious interest and accept in payment and settlement the principal moneys with interest at 6%, again stating that he was not asking any affirmative relief of the plaintiffs.
8. Plaintiffs refused to tender the principal moneys with legal interest and declined to make any tender at all, and moved for judgment upon the verdict.
9. Motion of plaintiffs for judgment granted, and the court held that the plaintiffs were entitled to have the principal of the indebtedness credited, with the interest paid by the plaintiffs, together with the additional amounts found by the jury to have been retained by the defendant *Page 307 
at the time of executing the notes, and the further amount of $80, representing the penalty prescribed by statute for interest payments made within two years prior to the institution of the action, and entered judgment for $3,800 on the two notes, with legal interest after, but not before, judgment.
Upon exceptions duly entered both sides appeal, assigning errors.
PLAINTIFFS' APPEAL.
The principal question presented by plaintiffs' appeal relates to the statute of limitations. The trial court held that plaintiffs were entitled to have their notes credited with the forfeiture of the entire interest charged, and twice the amount of usurious interest paid within two years next immediately preceding the commencement of the action, but not for any sums paid more than two years prior to that time. C. S., 442. After making these deductions, judgment of foreclosure was entered over objection by the defendant. In the view which we take of the case, as will more fully appear from what is said under defendant's appeal, the question as to the statute of limitations becomes an academic one and we need not determine it on the present record.
The plaintiffs are not entitled in this action to have their notes credited with the penalties allowed by statute for charging and receiving usurious interest and to injunctive relief. Having come into a court of equity, they must do equity before they can ask its aid; and what constitutes doing equity in a case where usurious interest has been reserved, or paid in advance, is payment of the principal debt less the usurious excess of interest paid. Purnell v. Vaughan, 82 N.C. 134; Beardv. Bingham, 76 N.C. 285. If the contract for usurious interest be executory, the sum equitably due is the principal debt with legal interest thereon. Churchill v. Turnage, 122 N.C. 426; Burwell v. Burgwyn,100 N.C. 389.
All the exceptions presented by plaintiffs' appeal must be overruled.
No error.
DEFENDANT'S APPEAL.