The defendant, having offered to remit all usurious interest and to accept the principal moneys actually borrowed with legal interest in full settlement of his claims, was entitled to have the action dismissed or judgment entered accordingly, as he is not asking for any affirmative relief. *Page 308 
It is the established law of this jurisdiction that when a debtor, who has given a mortgage to secure the payment of a loan, comes into equity, seeking to restrain a threatened foreclosure under the power of sale in his mortgage, as a deliverance from the exaction of usury, he will be granted relief and allowed to have the usurious charges eliminated from his debt only upon paying or tendering the principal sum with interest at the legal rate, the only forfeiture which he may thus enforce being the excess of the legal rate of interest. Corey v. Hooker, 171 N.C. 229; Owens v. Wright,161 N.C. 127. This ruling which has been established by an unbroken line of precedents, beginning with Taylor v. Smith, 9 N.C. 465, and running through a multitude of cases down to our latest decision in Adams v. Bank,187 N.C. 343, is based upon the principle that he who seeks equity must do equity. It is a well recognized rule of equity jurisprudence that one who seeks the aid of a court of equity to be relieved from usury, must do equity by paying or offering to pay the principal sum borrowed, with lawful interest thereon, as a condition precedent to the granting of the relief sought. 39 Cyc., 1010.
The following clear and succinct statement of the doctrine is taken from 27 R. C. L., 264: "It is well settled, in the absence of statutes to the contrary, that one seeking relief in a court of equity from a usurious contract must, as a condition of relief, do everything that equity requires, and if a borrower goes into a court of equity, in respect to a security given in connection with usurious contracts, or to avoid extortion or oppression, the court will compel him to pay principal and legal interest if the contract is executory, because there is moral obligation resting on him to do so, and it is equitable that he should be compelled to do it. The rule of course rests on the equitable maxim that `he who seeks equity must do equity.'"
To like effect are the decisions of the United States Supreme Court:Brown v. Swann, 10 Pet., 497; Hubbard v. Tod, 171 U.S. 474; Trust Co. v.Krumseig, 172 U.S. 351; Holden Land, etc., Co. v. Interstate Trading Co.,233 U.S. 536.
The gist of Mr. Justice Wayne's opinion in Stanley v. Gadsby, 10 Pet., 521, 9 L.Ed., 518, may be stated as follows:
Appellant filed a bill in the Circuit Court for an injunction to prevent the sale of property by a trustee, to whom it had been conveyed to secure the payment of a sum of money borrowed by him at usurious interest; the money borrowed had not been repaid, and the bill sought no discovery of the usury from the defendant, but averred that the complainant would be able to prove it by competent testimony; the Circuit Court dismissed the bill:Held, that the decree of the Circuit Court was correct. This is substantially an application for relief from *Page 309 
usury; and the consequence of granting the injunction would be relief upon terms at variance with the rule of equity, that he who seeks the aid of equity to be delivered from usury, must do equity, by paying the principal and legal interest upon the money borrowed. The complainant does not offer to do so in this bill; this is essential to every such application in a court of equity: first, to give the court jurisdiction; and to enable the chancellor, if he thinks proper to do so, to require the payment of principal and interest before the hearing of the cause. The relief sought in such cases is an exemption from the illegal usury; the whole inquiry on the hearing is to establish that fact and to give relief to that extent; whenever a complainant does not comply with the rule, by averring in his bill his readiness or willingness to pay principal and interest, he can have no standing in a court of equity. See, also, Fowler v. Trust Co.,141 U.S. 384.
Under these decisions, and the principle they establish, the defendant was clearly entitled to have the present action dismissed or judgment entered according to his offer, as plaintiffs were not entitled to more and defendant asked for no affirmative relief.
But if the exaction of usury, knowingly made, under our statute, destroys the interest-bearing quality of a note or other evidence of debt affected with usury and authorizes the debtor to recover a penalty of twice the amount of interest paid. How are these penalties to be enforced? The answer is to be found in the statute itself. C. S., 2306, provides in part as follows: "The taking, receiving, reserving or charging a greater rate of interest than six per centum per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or his legal representatives or corporation by whom it has been paid may recover back twice the amount of interest paid, in an action in the nature of action for debt. In any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt, it is lawful for the party against whom the action is brought to plead as a counterclaim the penalty above provided for, to wit, twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest."
From an examination of the above section it will be seen that two remedies are provided for the enforcement of the penalties authorized by the statute:
First. Where a greater rate of interest than six per centum per annum has been paid, the person or his legal representatives or the corporation by whom it has been paid, may recover back twice the *Page 310 
amount of interest paid, in an action at law in the nature of an action for debt. Bank v. Wysong Miles Co., 177 N.C. 380.
Second. In any action brought by the creditor to recover upon any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set off, the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged. But see Miller v. Dunn, post, 397.
These penalties, it will be observed, are given by statute. Hence, they are legal rights to be administered in legal actions or as legal defenses, but not as affirmative equitable rights where the debtor, as actor, voluntarily comes into court and asks for equitable relief. When he does this he is met with another principle as he enters the door of the court: "He who seeks equity must do equity." The true meaning of this maxim is that, to entitle the plaintiff to the aid of a court of equity, he must secure to the defendant the rights which are his according to the settled doctrines and principles of equity jurisprudence. The debtor, in equity and good conscience, owes the principal sum borrowed with interest thereon at the legal rate, and he may not ask a court of equity to restrain the defendant from exercising his legal right of foreclosure without offering to do the fair and equitable thing, to wit, to pay what he justly owes. But when he has been oppressed by the creditor and required to pay more than a legal rate of interest, the statute provides that he may recover back twice the amount of interest paid, in an action at law in the nature of an action for debt. And it is further provided that when the creditor undertakes to recover on any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set off the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged.
The section of the Constitution, Art. IV, sec. 1, adopted in 1868, which provides, "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished," does not imply that the distinctions between law and equity are abolished in this State. The principles of law and the doctrines of equity remain the same and are practically unaffected by this provision, the only change wrought being in the method of administering them, and, in some degree, the extent of their application. Matthews v. McPherson, 65 N.C. 189; Lumber Co. v.Wallace, 93 N.C. 22; Rudisill v. Whitener, 146 N.C. 403; Connor 
Cheshire on the Constitution, 147.
The judgment as entered was erroneous, and on defendant's appeal a new trial must be awarded. It is so ordered.
New trial. *Page 311