CLARK MILLER v. CHARLES F. DUNN, AND H. ABDALLAH v. CHARLES F. DUNN AND CLARK MILLER.

(Filed 15 October, 1924.)

**1. Usury—Equity—Injunction—Statutes.**

　　Where the plaintiffs in two separate actions seek the same equitable relief against the same defendant to enjoin the foreclosure sale of land under mortgage, the one as the original owner of the land and the other his subsequent grantee thereof, they are both proper parties to a consolidation thereof; and an order of court consolidating the cause is proper.

**2. Same—Tender—Legal Interest.**

　　Upon the principle that he who seeks equity must do equity, the plaintiff in his suit to enjoin the foreclosure of a mortgage upon the ground of usury, must tender the correct amount of the mortgage debt with the legal rate of interest thereon, the remedy to recover under the usury statute being an independent action at law. C. S., 2306.

**3. Same—Evidence—Issues—Appeal and Error.**

　　Where the plea of usury (C. S., 2306) is made by the plaintiff in the action to enjoin defendant from the sale of land securing a mortgage

note, and there is a dispute as to whether the charge made was usurious, and as to the amount due under the mortgage, it is reversible error for the trial judge to assume the correctness of plaintiff's contentions as a fact, and take the case from the jury accordingly.

APPEAL by defendant Charles F. Dunn from *Horton, J.,* at June Term, 1924, of LENOIR.

On 23 March, 1923, Clark Miller caused summons to be issued in the action entitled "Clark Miller v. Charles F. Dunn," and thereafter duly filed his complaint, to which defendant filed answer. In his complaint plaintiff alleges that the defendant, at his request, paid to Copeland Brothers on or about 17 January, 1921, the sum of $334.45, the balance due on a note theretofore executed by plaintiff, payable to Copeland Brothers and secured by a mortgage on land; that said note was thereupon assigned, without recourse, by Copeland Brothers to the defendant, who now holds the same.

He further alleges that at the time of this transaction defendant required plaintiff to execute to him a note for $100 and to secure the same by a second mortgage on the land conveyed in the mortgage to Copeland Brothers; that said note was usurious for that it was given as a bonus to defendant for advancing the money to pay the Copeland note; and that said note has been paid by the plaintiff.

Plaintiff further alleges that on 22 March, 1923, he caused to be tendered to the defendant $333.67 in payment of the Copeland note, and demanded that defendant surrender the said note and cancel the mortgage securing same; that defendant declined to accept said sum and to surrender the note and cancel the mortgage.

Plaintiff prays that an accounting be had between him and the defendant Dunn to ascertain the amount due upon the said note; that the said note be credited with the sum of $200, being twice the amount paid by plaintiff to defendant as usury, and that upon the payment of the amount ascertained to be due the defendant be required to surrender the said note and cancel the said mortgage.

On 27 March, 1923, defendant filed his answer in which he alleged that the amount paid by him to Copeland Brothers for plaintiff's note was $384.45, and admitted the payment by the plaintiff of the note for $100. Defendant, however, denied that said note was usurious.

For a further defense defendant alleged that on 6 March, 1923, plaintiff conveyed the land described in the mortgage to H. Abdallah; defendant admitted that Abdallah had tendered him $333.67, and that he had refused to accept the same in full payment of the said note, as the amount then due thereon was in excess of this sum. Defendant prays that the action be dismissed.

Thereafter, upon an affidavit filed in this action by the plaintiff, setting forth that the purpose of this action was to have an accounting with the defendant in order that the true amount due on said note might be ascertained, and alleging that the defendant had advertised the land described in the mortgage for sale, a temporary restraining order was issued. This order, upon the hearing on 25 April, 1923, was dissolved.

On 27 April, 1923, H. Abdallah caused a summons to be issued in the action entitled "H. Abdallah v. Chas. F. Dunn and Clark Miller," and thereupon filed his complaint in which he alleges the assignment without recourse of the note executed to them by Miller, by Copeland Brothers to the defendant Dunn, and that there is a controversy between Miller and Dunn as to the true amount now due on the said note.

He further alleges that on 6 March, 1923, defendant Miller conveyed to plaintiff Abdallah, by deed containing the usual covenants and warranties, the land described in the mortgage; that thereafter plaintiff tendered to the defendant Dunn, in payment of the said note and in satisfaction of the mortgage securing the same, a sum of money in excess of the amount claimed by Miller to be due thereon; that the defendant Dunn refused to accept the same. He further alleges that the defendant Dunn has advertised the land described in the mortgage, and subsequently conveyed by Miller to the plaintiff, for sale, and that unless restrained the defendant Dunn will sell and convey the same under the power of sale contained in the Copeland mortgage.

Plaintiff further alleges the pendency of the action entitled "Miller v. Dunn," in which Miller prays for an accounting and demands that the said note be credited with the sum of $200. The plaintiff Abdallah prays that the true amount due on the said note may be ascertained, and that the defendant Dunn, upon the payment of the said sum, be required to surrender the said note and cancel the mortgage securing the same. Defendant Miller filed no answer to this complaint.

On 4 May, 1923, an order was entered in this action by his Honor O. H. Allen, emergency judge, restraining defendant Dunn from proceeding further with the sale until the final hearing.

The above-entitled actions came on for trial at June Term, 1924, of the Superior Court of Lenoir County, before Judge Horton and a jury. Upon an examination of the pleadings in both actions, his Honor ordered that the two actions should be consolidated for trial.

The issues submitted to the jury were as follows:

1. Did the defendant at the time of negotiating the loan to plaintiff usuriously charge and collect $100 bonus, as alleged in the complaint?

2. Did the defendant at the time of taking up note due Copeland Brothers usuriously collect $50 additional bonus, as alleged in the complaint?

Both issues being answered "Yes" by the jury, his Honor rendered judgment that Clark Miller is indebted to Charles F. Dunn in the sum of $115.45, and directed and decreed that upon the payment of this sum by Miller or Abdallah, the note and mortgage held by Dunn should be filed with the papers in this cause and marked "canceled and satisfied." Defendant Dunn excepted to this judgment and appealed to the Supreme Court. Assignments of error by the defendant Dunn are based upon exceptions appearing in the record, all taken in apt time.

*Sutlon & Green for Miller and Abdallah.*
*Charles F. Dunn in propia persona.*

CONNOR, J. The interests of Clark Miller and H. Abdallah, in the subject-matter of both these actions, upon the facts alleged in each complaint, are identical; they seek the same relief, both praying for an accounting with Charles F. Dunn in order that the amount due on the note held by him as assignee of Copeland Brothers may be ascertained, and that, upon the payment of said amount, the mortgage securing same shall be ordered canceled. Charles F. Dunn denies the material allegations in both complaints; his interest is adverse to the interest of both Miller and Abdallah. The consideration of the appellant's chief assignment of error, upon its merits, will be facilitated by treating Miller and Abdallah as plaintiffs and Dunn as defendant. This was done upon the trial in the Superior Court, after the order of consolidation had been made by the judge. Technical difficulties due to irregularities in the record which do not affect the substantial rights of the parties are thus obviated.

We have, then, an action in which Miller as mortgagor, and Abdallah as the owner of the equity of redemption in the land conveyed by the mortgage, pray for an accounting with Dunn, assignee of the note and transferee of the mortgage, in order that plaintiffs may redeem the land from the mortgage by the payment of the amount ascertained to be due on the note.

Both Miller and Abdallah are proper parties plaintiff and may jointly maintain the action. *Rogers v. Piland,* 178 N. C., 70.

Plaintiffs allege that defendant has charged the plaintiff Miller interest at a greater rate than six per centum per annum on the indebtedness evidenced by the note and that, therefore, all interest on the note has been forfeited. They further allege that plaintiff has paid defendant $100 in excess of interest at six per centum per annum on said note, and that therefore the note should be credited with $200, twice the amount of interest paid. C. S., 2306. The jury having

found upon an issue submitted to them that the defendant did usuriously charge and collect $100 bonus, as alleged in the complaint, his Honor in his judgment disallowed interest on the note, holding that same had been forfeited, and allowed a credit of $200, the penalty prescribed by statute. The defendant Dunn excepted to the judgment and assigns this as error.

We must sustain this assignment of error.

*Justice Stacy,* writing for a unanimous Court in his opinion in *Waters v. Garris, ante,* 305, says: "It is the established law of this jurisdiction that when a debtor who has given a mortgage to secure the payment of a loan comes into equity, seeking to restrain a threatened foreclosure under the power of sale in his mortgage as a deliverance from the exaction of usury, he will be granted relief and allowed to have the usurious charges eliminated from his debt only upon his paying or tendering the principal sum with interest at the legal rate, the only forfeiture which he may thus enforce being the excess of the legal rate of interest. *Corey v. Hooker,* 171 N. C., 229; *Owens v. Wright,* 161 N. C., 127. This ruling is based upon the principle that he who seeks equity must do equity."

*Justice Stacy* in his opinion, defendant's appeal, after a careful review of the authorities applicable to the proposition discussed by him, calls attention to the remedies provided by C. S., 2306, for the enforcement of the penalties for usury under the law of North Carolina. He cites the provision in the statute that "in any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt, it is lawful for the party against whom the action is brought to plead as a counterclaim the penalty above provided for, to wit, twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest." It may be well to call attention to the opinion of the late *Justice Walker* in *Bank v. Wysong and Miles Co.,* 177 N. C., p. 389, in which it is held that in an action brought by a national bank upon an indebtedness on which usury has been paid, the defendant cannot counterclaim for twice the amount of interest actually paid. This proposition is discussed fully and with great learning by *Justice Walker,* who cites many authorities sustaining it. This Court adopts and follows the construction of the U. S. Supreme Court, ch. 5198 of the Revised Statutes (U. S. Comp. Stat., 1901, p. 3493), in which it is held that where usurious interest has been paid to a national bank the remedy is confined to an independent action to recover such usurious payments.

In this action the plaintiffs have come into equity seeking an accounting with the creditor and demanding judgment that upon the payment

26—188

of the amount found by the court to be due upon the indebtedness, the land may be redeemed from the mortgage. Having thus invoked the equitable jurisdiction of the court in order to secure the relief for which they pray, they must pay or tender the amount found to be due with the legal rate of interest thereon. The penalty prescribed by statute, C. S., 2306, cannot be enforced in favor of the plaintiffs in this action, and there was error in the judgment disallowing interest at the legal rate and allowing as a credit on the indebtedness twice the amount of interest paid.

The issue between the plaintiffs and the defendant as to what amount was due on the Copeland Brothers' note at the time it was assigned by them to Dunn, has not been determined. Plaintiffs allege that this amount was $334.45; defendant alleges that it was $384.45. The judgment assumes that the plaintiffs' contention is correct, but no issue was submitted to the jury clearly presenting this controversy. There was error in rendering the judgment upon the assumption that plaintiffs' contention was correct. An issue clearly presenting this contention should be submitted to a jury at the next trial.

Defendant Dunn in his answer admits payments by Miller amounting to $19. He also admits the payment by Miller of the note for $100; he denies, however, that the consideration for this note was usury charged by him for advancing money with which to take up the Copeland note. This presents an issue which should be submitted to the jury in order that it may be ascertained whether the $100 paid should be credited upon the said note. We do not deem it necessary to discuss the other assignments of error appearing in the record.

We are of the opinion that the order by which these two actions were consolidated for trial was proper. We suggest that the matters in controversy between the parties may be more clearly presented to the jury if an order is obtained in the Superior Court for leave to reform the pleadings. The defendant Dunn in this action is entitled to recover judgment of the plaintiff Miller for the amount found to be due on the Copeland Brothers' note at the time the same was transferred to him with interest at the rate of 6 per cent per annum, subject to payments made by Miller since the transfer. If it shall be found that the consideration for the $100 note was as alleged by the plaintiff Miller, then the payments on the said note should be applied as credits on the Copeland Brothers' note.

Let the costs of this Court as taxed under the rules be paid by the appellees. It is ordered that there be a

New trial.