D. R. NANCE v. OLDEN WELBORNE.

(Filed 11 April, 1928.)

**Usury—Contracts Not Usurious—Payment of Fee to Attorney of Borrower to Secure Extension of Loan.**

A fee paid by the borrower of money to an attorney for securing an extension of time on a note from the holder, without the latter's knowledge, who only receives the legal rate of interest upon the sum loaned, does not fall within the intent or meaning of our statute against usury.

APPEAL by defendant from *Deal, J.,* at January Term, 1928, of FORSYTH.

Civil action for claim and delivery and to recover on a promissory note.

By stipulation of counsel, duly entered of record, the fact situation was agreed upon, a jury trial waived, and the cause submitted to the judge for determination, as a matter of law, on undisputed facts. These, so far as essential to a proper understanding of the legal question involved, may be abridged and stated as follows:

The defendant, being indebted to the plaintiff in the sum of $40.00, employed an attorney and paid him $5.00 to secure an extension or renewal of the loan for 60 days. In this connection, the attorney prepared a new note and mortgage and delivered same to plaintiff, who received 6 per cent on the money loaned, and no more. Plaintiff knew nothing of the arrangement between the defendant and his attorney, so far as the record discloses. Under these facts, judgment was entered for plaintiff, disallowing defendant's counterclaim for usury, from which the defendant appeals, assigning error.

*W. T. Wilson for plaintiff.*
*Mangum Turner for defendant.*

STACY, C. J. A borrower employs an attorney and pays him $5.00 for preparing note and chattel mortgage and securing extension or renewal of a loan of $40.00 for 60 days. Does the payment of this fee to the borrower's attorney amount to exaction of usury on the part of the lender who knew nothing of the arrangement between the borrower and his attorney? The question answers itself in the negative. *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398; *Miller v. Dunn* and *Abdallah v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334.

Affirmed.