True, this difference, under certain fact situations, may consist in the actual cost of supplying the deficiency, such as making repairs, removing liens, or whatever is necessary to make the article delivered equal in value to the article sold. But where nothing of the kind is done, or no effort is made to supply the deficiency, the difference, we apprehend, is to be ascertained by subtracting the value of the article as delivered from what its value would have been had it been as warranted, and this should not be augmented by other expense, i. e., the cost of installing new machinery, which, perhaps, under a given state of facts, might have been considered as one of the items of difference, but was not incurred in the case at hand. *Robertson v. Halton, supra.*

For the error as indicated a new trial must be awarded; and it is so ordered.

New trial.

A. L. NEWBERRY ET AL. v. J. W. DRAUGHON ET AL.

(Filed 29 May, 1929.)

**Mortgages H b—Foreclosure may not be enjoined on ground of usury.**

An usurious charge of interest does not affect the validity of a mortgage, and an injunction against foreclosure will not be granted on the ground of usury.

APPEAL by defendants, R. L. Godwin, J. W. Draughon, and C. L. Wilson, from *Daniels, J.*, at November Term, 1928, of HARNETT.

Civil action for breach of warranty and to restrain foreclosure of mortgage and have the same removed as cloud on plaintiffs' title.

On 14 February, 1920, the plaintiffs purchased a lot of land from the defendants, J. W. Draughon and wife, Jaunita Draughon, and C. L. Wilson and wife, Ethel Wilson, taking deed therefor with full covenants of warranty, etc. This lot, previously owned by R. L. Godwin, had been mortgaged by him to secure his note of $1,500 given to Sallie Purdie. It is alleged by the defendants that the mortgage in question is not a valid encumbrance because it was given to secure a note bearing usurious interest, and that the same should be canceled of record. The mortgagee seeks to foreclose. The plaintiffs ask for injunctive relief and to have the mortgage canceled as a cloud on their title.

The court ruled that the mortgage was a valid encumbrance to the extent of the unpaid principal of the note plus interest at the legal rate, and ordered the mortgage foreclosed if the balance due on the note was not paid. The defendants, R. L. Godwin, J. W. Draughon, and C. L. Wilson, appeal, assigning error.

LOWERY *v.* LUMBER COMPANY.

*Smith & McLeod and Dye & Clark for plaintiffs.*
*I. R. Williams and J. C. Clifford for defendants.*

PER CURIAM. The judgment must be affirmed on authority of *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334, and *Briggs v. Bank, ante,* 120.
Affirmed.

J. R. LOWERY AND WIFE, S. C. LOWERY, v. GOLDSBORO
LUMBER COMPANY.

(Filed 29 May, 1929.)

**Deeds and Conveyances F a—Party may re-enter lands of grantor in timber deed to remove timber on other lands when right is given by deed.**

Under a deed conveying such right the grantee of standing timber may reënter and construct and operate a tramway on the land of the grantor for the purpose of removing timber he had acquired from owners of other lands.

APPEAL by plaintiffs from *Daniels, J.,* at April Term, 1929, of JONES. Affirmed.

Controversy without action (C. S., 626), to determine the right of defendant to reënter upon a right of way over and across the land of plaintiff in Jones County, N. C., and to construct thereon a tramroad for the purpose of removing timber owned by defendant from lands other than the land of plaintiffs.

Upon consideration of the facts agreed and of the provisions of the deed from plaintiffs to defendant, it was ordered and adjudged that the defendant has the right to reënter upon said right of way and to construct thereon and use a tramroad for the purpose of removing timber from the lands of any and all persons.

From this judgment plaintiffs appealed to the Supreme Court.

*McK. Carmichael for plaintiffs.*
*J. K. Warren and Warren & Warren for defendant.*

PER CURIAM. Upon consideration of plaintiffs' assignments of error based on their exception to the judgment of the Superior Court, we conclude that same cannot be sustained.

The judgment is supported by the provisions of the deed from plaintiffs to defendant, dated 1 March, 1911.