A. C. PUGH v. J. M. SCARBORO, ELLEN SCARBORO, J. H. MARLEY, H. A. MOFFITT and J. P. ROUTH.

(Filed 19 December, 1930.)

1. **Usury C b: Evidence J a—Parol evidence is admissible to show usury although note on its face purports to carry only legal rate.**

    No device to avoid our usury statute will be permitted to defeat its purpose, and in an action to recover on a promissory note or bond appearing on its face to be given for a lawful rate of interest, it may be shown by parol that an amount called a bonus had been deducted, and when this bonus has not been received by the payee the maker of the note may set up the usury statute, and the plaintiff in the action upon the note will forfeit the amount of the bonus regarded as interest, and making the transaction an usurious one.

2. **Limitation of Actions A c—Where action is brought on note the defense of usury is not barred by lapse of two years.**

    Where the payee of a promissory note or bond brings action thereon and the defendant sets up a deduction on account of usury, the two-year statute of limitations will not bar his defense, and within the plain intent and meaning of the statute the plaintiff will not be entitled to recover the usurious charge. Actions brought to recover usurious interest distinguished. C. S., 442(2), 2306.

APPEAL by plaintiff from *Clement, J.,* at July Term, 1930, of RANDOLPH. Affirmed.

Civil action by plaintiff against defendants to recover on the following bond:

"$1,800.00.                        Greensboro, N. C., August 17, 1927.

One year after date we, the undersigned J. M. Scarboro and Ellen Scarboro as principals, and H. A. Moffitt, J. H. Marley and J. P. Routh as sureties, promise to pay to the order of A. C. Pugh the sum of eighteen hundred dollars for value received, with interest from date at the rate of six per cent per annum, interest payable semiannually.

We, the makers and endorsers, waive demand, protest and notice. All demands and offsets against the payee herein named are waived in favor of any bona fide holder.

J. M. Scarboro.          (Seal.)
Ellen Scarboro.          (Seal.)
J. H. Marley.          (Seal.)
H. A. Moffitt.          (Seal.)
J. P. Routh.          (Seal.)"

The prayer of plaintiff is as follows: "Wherefore, plaintiff prays judgment against the defendants for the sum of $1,800, and interest on $1,800 from 17 August, 1927, at six per cent per annum, payable semi-annually, until paid; for the costs of the action, and for such other and further relief as he may be entitled to."

The record discloses that J. M. Scarboro, H. A. Moffitt and J. P. Routh signed the note (a nonsuit was granted as to Ellen Scarboro), but set up the defense that the note is tainted with usury. "That the plaintiff agreed to lend the principals on the said note $1,800 for one year; that when the proceeds of the said note were paid out to the said principals the plaintiff only paid to the said principals on the said note the sum of $1,650, retaining $150 as interest; that this interest was deducted from the loan at its inception and before any interest had been earned, and, therefore, represented an additional usurious charge of six per cent on $150 for a year, or $9, making the total usurious part of this loan $159; that these defendants are advised, informed and believe that the plaintiff, having charged an illegal and usurious rate of interest, forfeits all interest."

The plaintiff, in reply denies the allegations as set up in the defense and says: "That the plaintiff agreed to loan to the defendants, J. M. Scarboro and Ellen Scarboro, the sum of $1,800 upon their promising to pay to him the sum of $150 as a bonus for said loan; that the plaintiff did loan to the said J. M. Scarboro and Ellen Scarboro the sum of $1,800, but in the exchange they either paid him $150 or he retained said amount for said bonus, in accordance with the agreement theretofore made; that the defendants, J. M. Scarboro and Ellen Scarboro, did not pay the plaintiff any more than they had agreed to pay him in order to get the loan. That more than two years has elapsed since defendants' cause of action as set up in the further defense and counterclaim accrued to them to the beginning of this action, and the same is pleaded in bar of defendants' further defense, counterclaim and recovery in said action."

The plaintiff introduced evidence as to the execution of the note by defendants, introduced the note and rested.

J. M. Scarboro, for defendants, testified in part: "I live in Greensboro, and signed the note marked Exhibit 'A.' I had no agreement with A. C. Pugh with reference to the interest that was to be paid on the loan more than what was stipulated; that is to pay the interest, 6 per cent, nothing else. I received $1,650 on that loan. Q. What was your agreement with Mr. Pugh about what you were to pay him for the use of this $1,800? Plaintiff objects; overruled; exception. A. I borrowed $1,650 from him and was to pay him 6 per cent interest. For the loan of $1,650, I signed this note and this note is what I received the $1,650 for. I saw Mr. Pugh; I don't remember just exactly what was said by both of us, but I gave him the note for $1,800, and he gave me $1,650."

The issues submitted to the jury and their answers thereto were as follows:

"1. Is the defendant, J. M. Scarboro, H. A. Moffitt, J. P. Routh, indebted to the plaintiff, and if so, in what amount? Answer: $1,650.

2. Did the plaintiff charge usurious interest in the loan of money, as alleged in the answer? Answer: Yes.

3. Is the defendants' counterclaim alleging the charge of usury barred by the statute of limitations? Answer: No."

On the above testimony the court below, after reciting Scarboro's evidence, charged the jury, in part, as follows: "So, gentlemen, if you believe this testimony, you will answer the first issue, $1,650, the second issue, 'Did the plaintiff charge usurious interest in the loan of money, as alleged in the answer?' Yes; the third issue, 'Is the charge of usury barred by the statute of limitations?' No."

The judgment of the court below was as follows: "This cause coming on to be heard at July Term, 1930, of the Superior Court of Randolph County, before his Honor, J. H. Clement, Judge, and a jury, and the jury having answered the issues submitted to them as follows: (See above issues.) It is considered and adjudged that the plaintiff, A. C. Pugh, recover of the defendants, J. M. Scarboro, H. A. Moffitt, and J. P. Routh, the sum of $1,650, together with the costs of the action, to be taxed by the clerk."

The plaintiff duly excepted and assigned error to the testimony of Scarboro, as above set forth, and the charge of the court as above set forth, in which the court below charged in effect that plaintiff's plea of the statute of limitations was not applicable, and appealed to the Supreme Court.

*J. A. Spence* for *plaintiff.*
*Austin & Turner* for defendants *J. M. Scarboro, H. A. Moffitt* and *J. P. Routh.*

CLARKSON, J. This is an action brought by plaintiff against the defendant to recover on a bond for $1,800, dated 17 August, 1927, due one year after date. This action was instituted on 26 October, 1929, in which plaintiff prays judgment against the defendants for $1,800 and interest from 17 August, 1927, at 6 per cent per annum, payable semi-annually. The defendants set up the plea of usury. That although the bond was executed for $1,800, only $1,650 was borrowed and actually received, plaintiff retaining $150 as interest, and the note bore 6 per cent. The plaintiff called it in his reply "$150 as a bonus for said loan."

Plaintiff contends (1) That the testimony of Scarboro in regard to the loan was incompetent, "For parol evidence is not admissible to vary, explain or contradict an agreement in writing." This principle is ordinarily applicable, but not so when there is a plea of usury and the evidence is to the effect that the agreement is usurious. In fact, plaintiff admits that the $150 was a bonus for the loan. A bonus is something given in addition to what is ordinarily received by, or strictly due to, the recipient.

In *Bank v. Wysong,* 177 N. C., at p. 388, speaking of a transaction alleged to be usurious, we find: "This kind of usurious agreement has been cast in various forms, but the courts have invariably stripped it of its flimsy disguises, and decided according to its substance, and its necessary tendency and effect, when the purpose and intent of the lender are unmistakable. This is the correct rule." *Ripple v. Mortgage Corp.,* 193 N. C., at p. 424.

In this jurisdiction usury has always been condemned by our statutes and is *contra bonas mores.* Formerly the forfeiture was greater than our present statute. In some states it is indictable to charge usury.

We find in *Glisson v. The Executors of Newton,* 2 N. C., at p. 337, the following: "We have in fact been averse to declaring this to be a case of usury within the act, because in that event, the principal sum secured by this bond, which is a just debt, will be lost as well as the unlawful interest secured by the note, but the authorities in the books are too strong to be surmounted. Any shift or device whatsoever, to take more than the interest allowed, and particularly the device of securing the principal and interest by distinct assurances, is incompetent to the purpose of taking the case out of the operation of the act. If the contract itself, is upon the whole face of it, a contract to have a greater premium than the law allows, it is void, whether it remains a parol contract, or becomes clothed with legal solemnities; as is, also, every security or assurance founded upon it, whether one only, or more. This is the true meaning of the act."

"As a general proposition where the inquiry is whether a contract is usurious it is open to evidence dehors the written agreement to show that, though legal on its face, it was in fact an illegal agreement. Otherwise the very purpose of the law in forbidding the taking of usury under any cover or pretext would be defeated." 27 R. C. L., sec. 13 (Usury), p. 212.

We think on the whole pleadings and evidence that the loan was usurious and such transactions condemned by the statute. We think the testimony of Scarboro competent, and this assignment of error cannot be sustained.

Plaintiff contends (2) That the plea of the statute of limitations was applicable. We cannot so hold. Plaintiff pleaded the two-year statute in bar of recovery. Our statutes on the subject of usury: "The penalty for usury is a forfeiture of all interest where no interest has been paid, and double the amount of interest paid when any payment has been made. The borrower may plead usury in an action upon the debt, to prevent the recovery of any interest; and he may sue to recover double the amount of interest paid, or set this up as a counterclaim in an action for the debt. An action to recover the penalty, or using it as a counterclaim, must be within two years, but no date is given from which the time is to be counted. Before 1895 the statute read, 'two years from the time the usury was paid,' and it was held not to be necessary for the defendant to plead this lapse of time, but the plaintiff must show that his action was brought within the time. By the act of 1895, the limitation was 'two years after payment in full of the indebtedness.' Under the present statute, where there was a contract with a bank involving usury, and the dealings were such as to constitute an open, mutual, and current account, the statute would run from the last item; but where usury was paid on a debt each year for several years, and the debt was extended each year, it was held that each payment was a separate transaction, and the statute ran from the date of each payment. This is the rule adopted before 1895." N. C. Prac. & Proc. (McIntosh), sec. 188, at p. 170. C. S., 2305 and 2306.

C. S., 442, is as follows: "Within two years: (1) All claims against counties, cities and towns of this State shall be presented to the chairman of the board of county commissioners, or to the chief officers of the cities and towns, within two years after the maturity of such claims, or the holders shall be forever barred from a recovery thereon. (2) An action to recover the penalty of usury."

This is not an action brought by defendants to recover the penalty for usury, "twice the amount paid," which interest has already been paid, for this action must be brought within two years. C. S., 2306.

Further, C. S., 2306, in part, is as follows: "The taking, receiving, reserving or charging a greater rate of interest than six per centum per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon."

The bonus or interest on the bond sued on has not been paid. This bond being tainted with usury, under the statute, forfeits the entire interest. The plaintiff comes into court to enforce a contract condemned by the statute, when he does this courts of law and equity say he cannot enforce this contract further than is permitted by the statute which condemns the charging of a greater rate of interest than six per centum per annum. When plaintiff brings an action to recover on the bond, he can recover the principal alone, he can do only what the statute permits—nothing more.

The matter is thus stated in *Ripple v. Mortgage Corp., supra,* at p. 424-5: "In North Carolina the penalty as prescribed by statute, for taking, receiving, reserving, or charging for the use of money a sum in excess of interest at the legal rate is forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid. The forfeiture will be enforced against the usurer, when he seeks to recover upon the usurious contract or transaction. His debt will be stripped of all its interest-bearing quality, and he will be permitted to recover only the principal sum loaned. If a sum in excess of interest at the legal rate has not only been charged by the lender, but has also been paid by the borrower for the use of the money, then the person, or his legal representative, or the corporation by whom the same has been paid, may recover twice the amount paid in an action in the nature of action for debt. C. S., 2306. *Sloan v. Ins. Co.,* 189 N. C., 690; *Waters v. Garris,* 188 N. C., 305."

The humanities of all civilized nations has condemned usury, a species of ingenious oppression, especially in this day. It may be well for us to hark back to the Mosaic law, where we find: "If thy brother be waxen poor, and fallen in decay with thee, then thou shalt relieve him; yea, though he be a stranger, or a sojourner, that he may live with thee. Take thou no usury of him, or increase, but fear thy God, that thy brother may live with thee. Thou shalt not give him thy money upon usury, nor lend him thy vituals for increase." Lev. XXV, 35-37.

For the reasons given the judgment below is

Affirmed.