A. GARLAND JONAS AND WIFE, ALEXANDRA L. JONAS, v. HOME MORTGAGE COMPANY ET AL.

(Filed 12 July, 1933.)

1. **Usury A a—In determining whether contract is usurious the courts will look to its substance and not its form.**

   In determining whether a contract is usurious the courts will look to the substance of the transaction and not its form, and in this case the fact that the sum borrowed was made payable to the borrowers and an attorney with allegations and evidence that the attorney under instructions from the lender deducted a certain sum therefrom before the borrowers could obtain the money, together with the "item of expense" set out in the deed of trust securing the loan, *is held* sufficient to have been submitted to the jury on the question of usury.

2. **Mortgages H b: Usury C c—In suit to restrain foreclosure for usury plaintiff must pay principal of debt plus six per cent interest.**

   Where plaintiff seeks to restrain the exercise of the power of sale contained in a deed of trust on the ground of usury he is required to pay the amount borrowed plus six per cent interest, and in such action he may not recover the statutory penalty for usury, the action being equitable in its nature, and where in an action to restrain the sale of the lands the deed of trust is canceled under order of court upon plaintiff's payment of a designated sum and the filing of a bond to secure the payment of any amount adjudged to be due over and above the amount paid, and plaintiff seeks to recover from the lender for usury and it appears from a careful calculation that the sum paid does not exceed the amount actually received by plaintiff plus six per cent interest, a directed verdict that plaintiff recover nothing of the borrower will be upheld on appeal.

APPEAL by plaintiffs from *Schenck, J.,* at November Term, 1932, of CALDWELL. No error.

On 6 July, 1932, the plaintiffs instituted suit against the defendants for the purpose of restraining a sale of the plaintiffs' land under power

conferred by a deed of trust executed by the plaintiffs dated 15 August, 1927, to secure an indebtedness of $7,000 on the grounds of usury. The plaintiffs in their complaint asked for an accounting and for the recovery of the penalties prescribed by C. S., 2306. A temporary restraining order was issued enjoining the defendants from exercising the power of sale contained in the aforementioned deed of trust.

On the hearing of the temporary restraining order on 22 July, 1932, Judge Schenck, issued an order providing for the payment by the plaintiffs, within ten days from the date of the order, of the sum of $3,500 into the office of the clerk of the Superior Court of Caldwell County, to be paid by said clerk to the defendants or their assignee upon the production of the note secured by the deed of trust mentioned in the pleadings and the crediting of said amount on said note. The order was not complied with and the restraining order was dissolved.

The plaintiffs tendered, on 13 August, 1932, to the defendants a certified check in the sum of $5,174.38 in full satisfaction of the indebtedness due by the plaintiffs to the defendants, which check was not accepted, as the defendants stated that it was insufficient to satisfy in full the indebtedness. The defendants thereupon again advertised the land for sale on 8 September, 1932.

On 2 September, 1932, the plaintiffs obtained an order signed by Judge Schenck, requiring the defendants to show cause why they should not be restrained from conducting the sale advertised for 8 September, 1932. On 13 September, 1932, the hearing on the order to show cause was heard before Judge Schenck, and an order was entered requiring the plaintiffs on or before 17 September, 1932, to pay into the office of the clerk of the Superior Court of Caldwell County the sum of $5,174.38, to be paid by said clerk to the Fidelity Bank of Durham, North Carolina, trustee, or its agent, upon the production of the note referred to in the pleadings and the crediting of said sum on said note. This order further provided that the plaintiffs should file a bond with sureties acceptable to the clerk in the amount of $1,000, to be void on condition that the plaintiffs pay to the defendants the amount that might be determined to be due and owing by the plaintiffs to the defendants over and above the said amount of $5,174.38, and that upon the plaintiffs' compliance with the provisions of the order, the trustee in the deed of trust, should cancel said deed of trust. The order was complied with and the deed of trust canceled.

The cause came on for trial and the following issue was joined by the plaintiffs and the defendants:

"In what sum, if any, are the defendants indebted to the plaintiffs?"

The court charges you that as a matter of law if you find the facts to be in this case as shown from all the evidence in it, you will answer the issue "Nothing."

The jury answered "Nothing," according to the court's instruction. Judgment was rendered on the verdict. Plaintiffs excepted and assigned error to the charge of the court below and appealed to the Supreme Court. The necessary facts will be stated in the opinion.

*Mark Squires and L. H. Hall for plaintiffs.*
*W. A. Devin, Jr., and Fuller, Reade & Fuller for defendants.*

CLARKSON, J. The question involved: Was the lower court justified in directing a verdict that the plaintiffs recover nothing of the defendants? We think so.

This is an action in a court of equity, brought by plaintiffs to restrain defendants from selling their land under a deed of trust. *Miller v. Dunn,* 188 N. C., 397; *Ripple v. Mortgage Corp.,* 193 N. C., 422; *Pugh v. Scarboro,* 200 N. C., 59; *Clark v. Hood System,* 200 N. C., 635.

Plaintiffs borrowed $7,000, made note and bond payable to bearer with 6% interest, on 15 August, 1927, and secured same by deed of trust on certain real estate. The plaintiffs made 36 payments of $80.50, beginning with 14 September, 1927, and ending with 15 November, 1930.

Interest at 6% counted from 15 August, 1927, on $7,000 to 14 September, 1927, and credit of $80.50 so calculated on new principal, and $80.50 credited to 15 November, 1930. Then the balance on principal counted to 17 September, 1932, and credit of $5,174.38 and on balance interest calculated to date of judgment, 8 December, 1932. From a careful calculation, we think plaintiffs are not entitled to recover. See *Bledsoe v. Nixon,* 69 N. C., 89.

Plaintiffs further contend that they borrowed $7,000 and only received $6,650. That the draft was payable to A. Garland Jonas, Alexandria L. Jonas and Thomas P. Pruett, attorney. That the check was made by the Home Mortgage Company as a subterfuge in an attempt to evade the usury law. Plaintiffs in their complaint allege that "although the instrument aforesaid is recited to be security to the sum of seven thousand ($7,000) dollars, in truth and in fact the defendants received from the plaintiffs about $6,650 and the remainder as set forth in said instrument was knowingly reserved, charged, collected and paid defendants by plaintiffs as usurious charges for interest, principal and incidental expenses connected therewith, as will more fully appear by reference to said deed of trust so recorded as aforesaid."

The fact that the name of Thomas P. Pruett, attorney, was put in the check and plaintiffs could not get the money without it being handled that way, and plaintiffs' testimony to the effect that the payment to him

was only $6,650, and other evidence, though circumstantial, is sufficient to have been submitted to a jury, as to the usury on this aspect of the case. From a careful reading of the deed of trust its "Items of expense" in the deed of trust is strongly indicative of usurious evasion.

In *Bank v. Wysong*, 177 N. C., 380, 388, is the following: "This kind of usurious agreement has been cast in various forms, but the courts have invariably stripped it of its flimsy disguise, and decided according to its substance and its necessary tendency and effect, when the purpose and intent of the lender are unmistakable. And this is the correct rule."

In this kind of action to restrain a sale, equitable in its nature, the actual money loaned with 6% interest is all that the lender can recover. The $350.00 deduction, its purpose must be inquired into. *Trust Co. v. Redwine*, 204 N. C., 125; *Dixon v. Smith*, 204 N. C., 480.

It is well settled that the penalty for usury, C. S., 2306, is not applicable in this injunction proceeding—equitable in its nature. The principle is that he who seeks equity must do equity. In *Waters v. Garris*, 188 N. C., 305, 308, speaking to the subject: "It is the established law of this jurisdiction, that when a debtor, who has given a mortgage to secure the payment of a loan, comes into equity, seeking to restrain a threatening foreclosure under the power of sale in his mortgage, as a deliverance from the exaction of usury, he will be granted relief and allowed to have the usurious charges eliminated from his debt only upon payment or tendering the principal sum with interest at the legal rate, the only forfeiture which he may thus enforce being the excess of the legal rate of interest." *Miller v. Dunn*, 188 N. C., 397; *Ripple v. Mortgage Corp.*, 193 N. C., 422; *Pugh v. Scarboro*, 200 N. C., 59; *Clark v. Hood System*, 200 N. C., 635. Chapter 35, Public Laws of N. C., Special Session, 1924, as amended by chapter 28, Public Laws of N. C., 1925, and other amendments, are made applicable to Caldwell County and to the counties of Buncombe, Madison, Yancey, Henderson, McDowell and Watauga. Plaintiffs contend that these acts do not apply to the instant case. If they did, see *Plott v. Ferguson*, 202 N. C., 446.

But taking it for granted the jury would find that the $350.00 was usurious, yet from a careful calculation, plaintiffs would be entitled to recover nothing. We have had a competent expert to make these calculations for us. The defendants in their brief say: "Assuming that the plaintiffs received only the sum of $6,650, and applying each payment as of the date paid on accrued legal interest and reduction of principal, there would have remained due and owing by the plaintiffs to the defendants on 17 September, 1932, the date of the last payment, the amount of $261.26."

No error.