E. B. THOMASON ET AL. v. SIMEON SWENSON ET AL.

(Filed 1 January, 1935.)

Mortgages H b—Where foreclosure is enjoined for an accounting for usury, order that land be sold for debt as ascertained with legal interest is proper.

Where injunctive relief is asked against the foreclosure of a deed of trust on the ground of usury and for an ascertainment of the amount of the debt due after deducting penalties for the alleged usury, it is proper for the trial court to ascertain, with the aid of a jury, the amount of the debt with six per cent interest, and to order the land sold and the proceeds applied to the payment thereof.

APPEAL by defendants from *Pless, J.,* at June Term, 1934, of BUNCOMBE.

Civil action to foreclose deed of trust, for the appointment of a receiver to take charge of the property, and for general relief.

The plaintiffs, on trial in the General County Court, abandoned any claim to a personal deficiency judgment against the defendants.

The defendants set up, by way of counterclaim, claim for usury, demanded penalties for its alleged exaction, and asked for injunctive relief against the threatened foreclosure.

The General County Court, with the aid of a jury, fixed the principal sum due the plaintiffs, with interest at 6 per cent per annum, and ordered that the property be sold and applied to the payment thereof. From this judgment the defendants appealed to the Superior Court, where the assignments of error were all overruled, and from these rulings the defendants again appeal.

*Harkins, Van Winkle & Walton and John Izard for plaintiffs.*
*Bourne, Parker, Bernard & DuBose for defendants.*

STACY, C. J.   This is the same case that was before us at the Spring Term, 1933, opinion filed 14 June, 1933, and reported in 204 N. C., 759, 169 S. E., 620.

The defendants have asked for injunctive relief; the trial court adjudged that they pay their debt with lawful interest, and no more; this accords with the decisions on the subject, and the defendants have no further grounds for complaint.   *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334; *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Jonas v. Mortgage Co.,* 205 N. C., 89, 170 S. E., 127.   The record is free from reversible error, or at least none has been made to appear.

Affirmed.