C. D. KENNY COMPANY AND OTHERS v. HINTON HOTEL COMPANY.

(Filed 26 June, 1935.)

1. **Usury B b: Mortgages H b—Where equitable relief of enjoining foreclosure is sought, neither forfeiture nor penalty for usury may be had.**

   Where the creditors of the mortgagor seek to enjoin the foreclosure of a deed of trust on their creditor's property, and pray for an accounting to ascertain the amount of the debt upon allegations that usurious interest was charged thereon, *it is held*, upon sale of the property under orders of the court, the mortgagee is entitled to the principal amount of his debt, plus six per cent interest thereon, since the plaintiffs, seeking equitable relief, must do equity, and the mortgagee is entitled to the amount of the debt, plus the legal interest, unaffected by the forfeiture or penalty for usury. C. S., 2306.

**2. Appeal and Error A f—**

Where receivers are not authorized by the court, expressly or by implication, to appeal from a judgment adverse to them, their appeal will be dismissed in the Supreme Court.

APPEAL by plaintiffs and by the receivers of the defendant, Hinton Hotel Company, from *Grady, J.,* at December Term, 1934, of the Superior Court of NEW HANOVER. Affirmed.

This action was begun in the Superior Court of New Hanover County on 27 October, 1933.

The plaintiffs are creditors of the defendant Hinton Hotel Company, a corporation organized and doing business under the laws of this State, and began this action in behalf of themselves and all other creditors of said corporation.

On the allegations of the complaint which are admitted in the answer, William A. French and J. B. McCabe were appointed by the court, first as temporary and later as permanent receivers of the defendant Hinton Hotel Company. They were ordered by the court to give notice of their appointment and qualification as such receivers to all creditors of the defendant to file their claims with the said receivers, as provided by C. S., 1212.

Thereafter, J. N. Bryant, a creditor of the Hinton Hotel Company, filed a petition in the action in which he alleged that on or about 1 June, 1931, the defendant Hinton Hotel Company executed and delivered to him its bond in the sum of $15,000; that the consideration for said bond was money loaned by him to said defendant, and that said bond was secured by a deed of trust executed by said defendant to George H. Howell, trustee, and duly recorded in the office of the register of deeds of New Hanover County. He further alleged in said petition that default had been made by the defendant in the payment of said bond according to its terms, and that by reason of such default, the trustee in the deed of trust was authorized and empowered to foreclose the same by selling the property described therein under the power of sale contained therein. He prayed the court to make an order in the action authorizing the trustee to foreclose the deed of trust in accordance with its terms.

The plaintiffs and the receivers appointed by the court in this action filed answers to the petition, in which they admitted the allegations therein; they alleged, however, that the petitioner had knowingly charged and received interest on the money loaned by him to the defendant at a rate in excess of six per cent per annum, and had thereby incurred the statutory penalties for usury. C. S., 2306. They prayed the court to deny the prayer of the petitioner, to enjoin the sale by the trustee of the property described in the deed of trust, and for an accounting with the petitioner in this action to ascertain what amount, if any,

is now due the petitioner as a creditor of the defendant on account of his claim against the defendant.

At the hearing of the petition it was ordered by the court that the trustee in the deed of trust be and he was authorized to foreclose the same by selling the property described therein under the power of sale.

On 8 January, 1934, George H. Howell, trustee, filed in this action a report showing that he had sold the property described in the deed of trust, under the power of sale contained therein, in accordance with its terms, and that J. N. Bryant was the last and highest bidder at said sale in the sum of $17,500, and that said sum was the fair market value of the property described in the deed of trust. The trustee recommended that said sale be confirmed by the court.

The action was heard by Judge Grady at the December Term, 1934, of the Superior Court of New Hanover County, on the motion of the plaintiffs and of the receivers of the defendant Hinton Hotel Company for an accounting with the petitioner J. N. Bryant, and on the motion of the petitioner for the confirmation of the sale made by George H. Howell, trustee. At this hearing the sale of the property described in the deed of trust by the said trustee was confirmed, and by consent of the parties Judge Grady heard the evidence, and on his findings of fact adjudged that the petitioner J. N. Bryant recover of the defendant Hinton Hotel Company the sum of $17,731.29, with interest from 1 December, 1934, and his costs, to be taxed by the clerk, and decreed that said sum was a lien on the property described in the deed of trust, subject only to the taxes due and unpaid on said property.

The plaintiffs duly excepted to the judgment and appealed to the Supreme Court, assigning errors in said judgment.

The receivers, William A. French and J. B. McCabe, subsequently but within ten days from the docketing of the judgment, caused notice of their appeal from the judgment to the Supreme Court, to be served on counsel for J. N. Bryant and George H. Howell, trustee.

*John D. Bellamy & Sons and Kellum & Humphrey for plaintiffs and the receivers.*

*Bryan & Campbell for J. N. Bryant and George H. Howell, trustee.*

CONNOR, J. The plaintiff and the receivers of the defendant Hinton Hotel Company, on their appeal to this Court, contend that there is error in the judgment of the Superior Court in this action for that in the accounting by which the amount now due to J. N. Bryant by the Hinton Hotel Company was ascertained, Judge Grady has allowed interest at the rate of six per cent per annum on the sum of money loaned by the said J. N. Bryant to the said Hinton Hotel Company, notwithstanding his finding of fact that the said J. N. Bryant know-

ingly charged and has knowingly received from the said Hinton Hotel Company interest on his debt at a rate in excess of six per cent per annum. They contend that under the statute J. N. Bryant has forfeited all interest on his debt, and that the receivers of the Hinton Hotel Company are entitled to a credit on said debt of twice the amount of interest paid thereon by said hotel company. C. S., 2306.

If this was an action in which J. N. Bryant was seeking to recover of the defendant Hinton Hotel Company the amount due on his bond, these contentions would be sustained. In such case, he would be liable for the statutory penalties for usury. This, however, is an action in which the plaintiffs are seeking equitable relief. They seek to enjoin J. N. Bryant and George H. Howell, trustee, from foreclosing the deed of trust by which the bond, which they allege is tainted with usury, is secured, and pray for an accounting to ascertain the amount due on the bond. They must, therefor, abide by the maxim that "He who seeks equity must do equity." This maxim has been uniformly applied in this jurisdiction in actions in which parties seek equitable relief from a usurious transaction. In order that such parties may invoke the equitable jurisdiction of the court, they must consent, at least, that the creditor recover of his debtor the principal of his debt, with interest at the rate prescribed by law. See *Thomason v. Swenson,* 207 N. C., 519, 177 S. E., 647, and cases cited in support of the decision in that case. The contention that there was error in allowing interest at six per cent per annum on the amount loaned by J. N. Bryant to the defendant Hinton Hotel Company cannot be sustained.

It does not appear from the record in this appeal that the receivers of the Hinton Hotel Company were authorized by the court to appeal from its judgment to this Court. In the absence of such authority, express or implied, their appeal is dismissed. See *In re Trust Company,* 206 N. C., 251, 173 S. E., 340.

There is no error in the judgment. It is

Affirmed.