T. P. SMITH AND WIFE, FRANCES SMITH, v. V. S. BRYANT, TRUSTEE, MORTGAGE SERVICE COMPANY, AND REALTY PURCHASE CORPO- RATION.

(Filed 22 January, 1936.)

**1. Usury B c—**

Where there is no evidence that any holder of the note executed by plaintiffs has charged or received interest thereon in excess of six per cent, in an action on the note plaintiffs may not invoke the forfeiture of interest for usury. C. S., 2306.

**2. Mortgages H o: Usury B b—Plaintiffs seeking to enjoin consumma- tion of foreclosure for usury must pay principal of debt, with interest.**

Where plaintiffs seek to enjoin the consummation of a foreclosure sale on the ground that the debt was tainted with usury, and ask for an ac- counting, they must tender the principal of the debt, with legal interest, since the penalties for usury may not be invoked when equitable relief is demanded. C. S., 2306.

**3. Mortgages H o—Plaintiffs held entitled to determination of issue, raised by pleadings, of whether bid at sale was grossly inadequate.**

Where plaintiffs, trustors in a deed of trust, seek to enjoin the con- summation of a foreclosure sale had under the power contained in the instrument, and alleged that the price bid at the sale was grossly inade- quate, which allegation is denied in the answer, it is error for the court to grant defendants' motion to nonsuit, plaintiffs being entitled to a hear- ing and a determination of the issue under the provisions of ch. 275, Public Laws of 1933.

**4. Same—Where consummation of foreclosure sale is had under ch. 275, Public Laws of 1933, the court may determine the issue.**

Where, in a suit to enjoin the consummation of a foreclosure sale under the provisions of ch. 275, Public Laws of 1933, the issue of whether the bid at the sale was grossly inadequate is raised by the pleadings, the parties are not entitled as a matter of law to have the issue determined by a jury, but the court may hear evidence and determine the issue, and should dismiss the action if he should find that the amount of the bid is the fair value of the land, or should enjoin the consummation of the sale if he should find that the bid is grossly inadequate, in which event a resale may be made by the trustee, either under the power contained in the instrument or under orders of the court.

APPEAL by plaintiffs from *McElroy, J.,* at August Term, 1935, of UNION. Error.

This is an action to enjoin the defendant V. S. Bryant, trustee, from executing a deed and thereby conveying to the defendant Realty Pur- chase Corporation, the land described in the complaint, which was sold under the power of sale contained in a deed of trust executed by the plaintiffs, on the ground that the conveyance of said land will result in irreparable damage to the plaintiffs, for that (1) the debt secured by

said deed of trust is tainted with usury, and (2) that the amount bid for said land at the sale is grossly inadequate, and its conveyance to the purchaser for said amount would be inequitable.

At the trial of the action judgment was rendered as follows:

"This cause coming on to be heard before Hon. P. A. McElroy, judge presiding, and a jury, at August Term, 1935, of the Superior Court of Union County, and a jury having been duly impaneled, and the plaintiffs having offered evidence, and the parties having stipulated as to the dates and amounts of all payments made by the plaintiffs on the loan referred to in the pleadings, and as to the amounts advanced by the holder of the indebtedness for the payment of taxes and fire insurance premiums, and the defendants, who were served with summons and who filed answers in this action, having stated in open court that they waived all claims against the plaintiffs except for the principal sum of $2,500, with interest thereon at six per cent per annum, plus the amounts advanced for the payment of taxes and fire insurance premiums on plaintiffs' property, as stipulated by the parties, with legal interest in said advancements, and would credit said indebtedness with all payments made by the plaintiffs, as stipulated by the parties, crediting each payment first on the interest accrued at six per cent per annum on the date of said payment, and the balance of each payment on the principal; and the plaintiffs having declined to have their indebtedness fixed on said basis, and having declined to pay or tender the balance due on said basis;

"And the defendants having moved for judgment as of nonsuit at the close of the plaintiffs' evidence, and the court being of opinion that there is no evidence to be submitted to the jury tending to show that the lender or its agent, with its knowledge, deducted and retained any part of the $2,500 loan made to the plaintiffs, and being further of the opinion that as a prerequisite to equitable relief by injunction, plaintiffs should pay or tender the principal and legal interest of the loan, after proper credits for payments, and it appearing that the defendants have waived all claims in excess thereof, and that plaintiffs are not entitled to any further equitable relief;

"It is therefore ordered and adjudged that the motion of the defendants be and it is allowed, the restraining order issued herein be and it is dissolved, and this action be and it is dismissed. The plaintiffs are taxed with the costs."

From this judgment the plaintiffs appealed to the Supreme Court, assigning errors in the judgment.

*Vann & Millikin for plaintiffs.*
*W. A. Devin, Jr., John M. Robinson, and H. M. Jones for defendants.*

CONNOR, J.  In view of the stipulations of the parties at the trial of this action, as recited in the judgment, there was no error in the holding of the trial court that the plaintiffs are not entitled to injunctive relief on the allegation in their complaint that the note secured by the deed of trust executed by them was tainted with usury.  Even if this allegation, which was denied in the answer, had been sustained at the trial, the plaintiffs would not have been entitled to such relief, without an offer in their complaint or at the trial to pay the amount received by them for their note, with interest at the legal rate.  All the evidence at the trial shows that the plaintiffs received from the first holder of the note the full sum of $2,500.  There was no evidence tending to show that any holder of the note has charged or received interest on the same at a rate in excess of six per cent per annum.  For that reason the plaintiffs are not entitled to the forfeiture of all interest on the note, in accordance with the provisions of the statute.  C. S., 2306.

The principle is well settled by numerous decisions of this Court that where a debtor seeks the aid of a court of equity on the ground that his debt is tainted with usury, he may have the usurious element, if any, eliminated from his debt only upon his paying the principal of his debt, with interest at the legal rate.  In such case he is not entitled to the benefit of the statutory penalties for usury.  Whether this principle is just and in accord with a sound public policy must be determined by the General Assembly, in the exercise of its legislative power, and not by the courts of the State.  This Court must declare and apply the law as it has been written.  See *Kenny v. Hotel Co.,* 208 N. C., 295, 180 S. E., 697; *Thomason v. Swenson,* 207 N. C., 519, 177 S. E., 647; *N. C. Mortgage Corp. v. Wilson,* 205 N. C., 493, 171 S. E., 783; *Jonas v. Mortgage Co.,* 205 N. C., 89, 170 S. E., 127; *Edwards v. Spence,* 197 N. C., 495, 149 S. E., 686; *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334; *Corey v. Hooker,* 171 N. C., 229, 88 S. E., 236; *Owens v. Wright,* 161 N. C., 127, 76 S. E., 735.

There is no error in the judgment denying the plaintiffs equitable relief on their allegation that the debt secured by their deed of trust was tainted with usury.

It is, however, alleged in the complaint that the amount bid at the sale of the land described in the deed of trust by the defendant Realty Purchase Corporation, to wit: The sum of $2,000, is grossly inadequate, and that the conveyance of the said land for said sum will be inequitable, and will result in irreparable damage to the plaintiff.  This allegation is denied in the answer.  The issue thus raised between the plaintiffs and the defendants has not been determined by the court.  The plaintiffs are entitled, by reason of the provisions of chapter 275, Public Laws of North Carolina, 1933, to have this issue determined.  There is error in the judgment dismissing the action.  For this reason the action is re-

manded to the Superior Court of Union County that the judge may hear the evidence and determine the issue. At this hearing neither the plaintiffs nor the defendants will be entitled as a matter of law to have the issue submitted to a jury.

If the court shall find that the facts with respect to the amount of the bid for the land are as alleged in the complaint the plaintiffs will be entitled to judgment enjoining the consummation of the sale for said amount. In that case a resale may be made by the trustee in the deed of trust, under the power of sale, or under the orders of the court. See *Woltz v. Deposit Co.,* 206 N. C., 239, 173 S. E., 587.

If the court shall find that the amount bid at the sale heretofore made by the trustee is the fair value of the land and is an adequate price for the same, the plaintiffs will not be entitled to a resale. In that case, the action should be dismissed. See *Barringer v. Trust Co.,* 207 N. C., 505, 177 S. E., 795.

Error.